■ NATIONAL BANK OF NORTH AMERICA, Respondent, v DURAMARK, INC., Appellant, et al., Defendant. — In an action, *inter alia,* to recover damages for breach of a lease of equipment, defendant Duramark, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Christ, J.), dated July 12, 1982, as denied its cross motion for summary judgment and thereupon searched the record and granted plaintiff partial summary judgment against it on the issue of liability. Order affirmed, insofar as appealed from, with costs. In 1977 the defendant-appellant Duramark, Inc. entered into an equipment lease with the Dolphin Equipment Leasing Corp., a leasing company headed by the appellant's current president, John L. Shaw. The lease was assigned to the plaintiff, which brought this action when appellant failed to make payments under the lease. The answer of the appellant consists of general denials, an affirmative defense attacking service of the complaint and a number of affirmative defenses and counterclaims seeking relief against the plaintiff in its fiduciary capacity as executor of the estate of one Irving Wallach and trustee of the stock of the appellant. Austin Wallach, the son of Irving Wallach, was president of the appellant corporation at the time the subject equipment lease was executed. Special Term dismissed the affirmative defenses and counterclaims relating to the plaintiff's alleged breach of its fiduciary duty "as being irrelevant to the issues and having no merit in this action by plaintiff to recover the debt due on an equipment lease". We agree. Plaintiff, as executor of Irving Wallach's estate, owed a fiduciary duty to the estate beneficiaries (see *Matter of Rothko,* 84 Misc 2d 830, mod 56 AD2d 499, affd 43 NY2d 305 on remittitur 95 Misc 2d 492). Any breach of this

duty would give rise to a cause of action by the beneficiaries of the estate. The stock of the appellant corporation, which had been solely owned by Irving Wallach, was merely an asset of his estate. Therefore, any alleged breach of plaintiff's fiduciary duty is not actionable by appellant and the court was correct in granting partial summary judgment to plaintiff (see *Matter of Hubbell,* 59 NYS2d 325, affd 270 App Div 947). With respect to the other claims raised by the appellant, Special Term correctly concluded that no evidence was submitted by it to support the claim of improper service of process and that its general denials were not sufficient to raise any triable issue as to its failure to make the payments due under the lease. O'Connor, J. P., Bracken, Brown and Niehoff, JJ., concur.