(September 8, 1988)

■ JAMES P. CORCORAN, as Superintendent of Insurance of the State of New York and as Liquidator of Ideal Mutual Insurance Company, Appellant, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, Respondent.—Order of the Supreme Court, New York County (David H. Edwards, Jr., J.), entered September 21, 1987, which denied plaintiff's motion for an order pursuant to CPLR 3211 dismissing the first, second, third, fourth, seventh, eighth and ninth affirmative defenses and first and second counterclaims asserted by defendant, is unanimously modified, on the law, to grant plaintiff's motion as to the first and second counterclaims and the second, third, fourth and ninth affirmative affirmative defenses, and otherwise affirmed, without costs or disbursements.

Ideal Mutual Insurance Company (Ideal) organized and operated pursuant to the New York Insurance Law, was placed in rehabilitation on December 26, 1984, and subsequently, on February 7, 1987, was placed in liquidation. The plaintiff, James P. Corcoran, as Superintendent of Insurance, was named the liquidator, as mandated by article 74 of the Insurance Law.

Prior to these events, in May of 1982, defendant National Union Fire Insurance Company of Pittsburgh, Pennsylvania (National Union), issued Ideal a directors and officers liability and corporation reimbursement policy for a three-year period from April 9, 1982 to April 9, 1985. This policy insured Ideal

against loss arising from claims made against officers and directors on account of any wrongful acts committed as officers and directors. The coverage was on a "claims made" basis, i.e., insuring against losses arising from claims made during the policy period.

The policy contained a "Discovery Clause", giving Ideal the option of extending coverage for an additional year beyond April 9, 1985 if National Union canceled or refused to renew, upon payment of an additional premium of 25% of the three-year premium already paid, for any claims based on acts which had occurred during the three-year term.

In 1985, when National Union did not respond to requests by the plaintiff as liquidator to renew the policy, the plaintiff exercised the option in the Discovery Clause by written notice and tender of the additional premium required. National Union offered to renew the policy only on substantially different terms, returned the premium check and disclaimed coverage under the Discovery Clause option.

Plaintiff commenced this action seeking declaratory and injunctive relief upholding Ideal's exercise of its rights under the policy's Discovery Clause, alleging a breach of contract by National Union and a breach by National Union of a duty of good faith and fair dealing owed to Ideal.

Besides denials in its answer, the defendant asserted eight affirmative defenses (although numbered first to ninth, the fifth is omitted from the answer) and including two counterclaims.

One category of these affirmative defenses and counterclaims, dealing with the first and second counterclaims and the second, third, fourth and ninth affirmative defenses, is directed against plaintiff in his alleged conduct as regulator of the insurance industry, including Ideal. Plaintiff, in moving for dismissal, alleged he brought this action in his role as liquidator and that these defenses are impermissibly directed to his role as regulator. The Supreme Court, citing its decision in a companion matter, *Corcoran v Becker* (index No. 40275/85, *mod sub nom. Matter of Ideal Mut. Ins. Co.*, 140 AD2d 62), denied plaintiff's motion in its entirety, finding that the Superintendent's alleged malfeasance as regulator may be asserted by the defendant as affirmative defenses and counterclaims in an action brought by the Superintendent as liquidator. This determination misconstrued the applicable law.

The plaintiff Superintendent of Insurance as liquidator of Ideal acts in a separate and distinct capacity from his role as

regulator of the insurance industry. When the Supreme Court ordered Ideal liquidated, the plaintiff was appointed to "step into the shoes" of Ideal and conduct its operations for the benefit of its creditors and policyholders, as opposed to the benefit of the general public. "Thus in the case before us the corporation in liquidation was a private corporation; its funds were the property of private individuals and the Superintendent of Insurance while acting as liquidator was acting for a private business and not one utilized by the State in the discharge of its governmental duties". *(Matter of Kinney,* 257 App Div 496, 501, *affd* 281 NY 840.)

The Superintendent as liquidator is subject only to defenses that could be raised against Ideal, since it is in that capacity he brings this action. He holds legal title to the property of Ideal on behalf of its creditors and policyholders, not on behalf of the State or the general public *(Matter of Kinney, supra).* The final fund held by the plaintiff for the benefit of these creditors and policyholders should not be reduced simply because their representative is alleged to have contributed to the loss, acting in a different capacity and role.

A counterclaim may not be asserted against a plaintiff in a capacity different from that in which he or she appears in the action *(Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255, 259; *and see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3019:3, at 217). Further, the liquidation order bars any actions against the Superintendent as liquidator, which precludes the assertion of counterclaims herein *(see, Schenck v Coordinated Coverage Corp.,* 50 AD2d 50, 51).

The affirmative defenses which are directed against the Superintendent as regulator and public official are in effect irrelevant in this action by him as liquidator of Ideal seeking to enforce a policy on behalf of Ideal *(see, National Bank v Duramark, Inc.,* 97 AD2d 816). Consequently, the first and second counterclaims and the second, third, fourth and ninth affirmative defenses, which are concerned with the plaintiff's role and conduct as regulator, fail to state cognizable causes of action or defenses against plaintiff as liquidator.

The Supreme Court, while it denied plaintiff's motion in toto, did not deal with plaintiff's objections to the second category of affirmative defenses. We have examined the first, seventh and eighth affirmative defenses and, while not entirely free from doubt, in view of the fact pleadings must be liberally construed, their allegations assumed to be true and deemed to allege whatever can be implied from the statements

therein by fair intendment *(Cohn v Lionel Corp.,* 21 NY2d 559, 562), we do not disturb that portion of the Supreme Court's order denying plaintiff's motion for dismissal as to these defenses. Concur—Murphy, P. J., Kupferman, Carro, Asch and Ellerin, JJ.