■ MARY L. DeNATALIE, as Executrix of CHARLES MAZZA, Deceased, et al., Appellants, v DANIEL MAZZA, Respondent, et al., Defendants.—In a shareholders' derivative action, the plaintiffs appeal from so much an order of the Supreme Court, Suffolk County (Di Noto, J.), dated November 23, 1987, as denied their motion to dismiss the defendant Daniel Mazza's counterclaims as against the plaintiff Mary Lou DeNatalie, as executrix of the estate of Charles Mazza, and denied certain branches of their motion which were to strike interrogatories and notices of discovery and inspection.

Ordered that the order is modified, by deleting the provision thereof which denied the plaintiffs' motion to dismiss the counterclaims of the defendant Daniel Mazza asserted against the plaintiff Mary Lou DeNatalie, as executrix of the estate of Charles Mazza, and substituting therefor a provision granting that motion, and deleting the provision thereof which denied those branches of the plaintiffs' motion which were for a protective order as to the defendant Daniel Mazza's interrogatories and notice for discovery and inspection served upon the plaintiff Mary Lou DeNatalie, as executrix of the estate of Charles Mazza, and substituting therefor a provision granting those branches of that motion; as so modified, the order is affirmed insofar as appealed from, with costs payable by the respondent; and it is further,

Ordered that the plaintiffs' time to answer the remaining interrogatories and notice of discovery and inspection addressed to all the plaintiffs is extended until 30 days after service upon them of a copy of this decision and order, with notice of entry.

The defendant-Daniel Mazza's counterclaims allege that Charles Mazza breached his fiduciary duty with respect to his sale of certain real property owned by the defendant corporation Third Sunrise Highway Realty Co., Inc., and his conversion of corporate assets to his own use.

Charles Mazza died on October 28, 1975, and Mary Lou

DeNatalie was appointed executrix of his estate on January 15, 1976. Daniel Mazza now seeks an accounting from the plaintiff Mary Lou DeNatalie as executrix of Charles Mazza's estate of the proceeds of the decedent's transactions involving the corporation's property.

We find that the counterclaims should have been dismissed as they are barred by the applicable Statute of Limitations (see, CPLR 213 [8]; 210 [b]). Daniel Mazza did not seek an accounting of the decedent's activities with respect to the assets of the corporate defendant until the counterclaims were interposed in this action, which was commenced on July 8, 1987. As almost 12 years had passed since Charles Mazza's death, Daniel Mazza's claims are clearly untimely.

We find no successive fiduciary relationship between and among the decedent's estate, his executrix or the parties herein which would preclude the executrix from raising the Statute of Limitations as a bar to Daniel Mazza's counterclaims. Contrary to his contentions, the plaintiff Mary Lou DeNatalie, as executrix of the estate, merely owes a fiduciary duty to the estate beneficiaries to account for the assets of the decedent (see, National Bank v Duramark, Inc., 97 AD2d 816).

Since the counterclaims against the plaintiff Mary Lou DeNatalie as executrix have been dismissed, the interrogatories and notice for discovery and inspection served upon her in that capacity are stricken. We find, however, that the Supreme Court's pruning of the remaining interrogatories with respect to all of the plaintiffs was a proper exercise of discretion which should not be disturbed on appeal. Mangano, J. P., Thompson, Brown and Kunzeman, JJ., concur.