■ EDWARD J. MUHL, as Superintendent of Insurance of the State of New York, Respondent, v AMBASSADOR GROUP, INC., et al., Appellants, et al., Defendants. [673 NYS2d 310] —Order, Supreme Court, New York County (Walter Schackman, J.), entered July 20, 1995, which, *inter alia*, granted plaintiff's motion to dismiss certain of appellants' affirmative defenses, unanimously modified, on the law, to deny the motion insofar as it was directed to that portion of the thirteenth affirmative defense of appellants Ambassador Group, Inc., Arnold Chait and Doris Chait relating to defendant Coopers & Lybrand, and otherwise affirmed, without costs.

The affirmative defenses alleging negligence and misconduct of plaintiff Superintendent in both his liquidating and regulatory roles were properly dismissed as either noncognizable or for lack of an appropriate factual predicate (*see*, *Corcoran v National Union Fire Ins. Co.*, 143 AD2d 309; *Matter of Ideal*

*Mut. Ins. Co.*, 140 AD2d 62, 68). The affirmative defense based on failure to join an indispensable party was properly held to be barred by collateral estoppel, the issue of the Vermont Commissioner's alleged negligence having been previously litigated and the Chaits having had a full and fair opportunity to participate either directly or in privity with Ambassador Group (*see, Gramatan Home Investors Corp. v Lopez*, 46 NY2d 481, 486). We modify only to correct the court's inadvertent dismissal of that portion of appellants' thirteenth affirmative defense alleging misconduct by defendant Coopers & Lybrand. Concur—Rosenberger, J. P., Ellerin, Nardelli and Wallach, JJ.