■ MICHELMAN-CANCELLIERE IRON WORKS, INC., and ACHILLES CONSTRUCTION CO., INC., as a Joint Venture, Respondent, v KISKA CONSTRUCTION CORPORATION-USA et al., Appellants. [795 NYS2d 715]—

In an action, inter alia, to recover money allegedly due and owing for material furnished under a written agreement, the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), dated November 18, 2003, as, upon a decision of the same court also dated November 18, 2003, granted the plaintiff's motion for summary judgment on the complaint and for summary judgment dismissing the defendants' affirmative defenses and counterclaims, and (2) from a judgment of the same court entered March 17, 2004, which, upon the order, is in favor of the plaintiff and against them in the principal sum of $233,814.65.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed

because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff Michelman-Cancelliere Iron Works, Inc., and Achilles Construction Co., Inc., as a Joint Venture (hereinafter the Joint Venture) established its entitlement to judgment as a matter of law by demonstrating that it satisfactorily performed its obligations under its subcontract with the defendant Kiska Construction Corporation-USA (hereinafter Kiska), and that the sum of $233,814.65 due under the subcontract remained unpaid. The defendants conceded that the foregoing amount was due and owing, but asserted their entitlement to a setoff by means of counterclaims directed toward Michelman-Cancelliere Iron Works, Inc. (hereinafter Michelman), one of the members of the Joint Venture. The counterclaims alleged that Michelman supplied defective materials in the course of performing a separate subcontract with Kiska, which Michelman entered into in its individual capacity.

"[A] claim and counterclaim must be by and against the same party in the same capacity" (*Ruzicka v Rager*, 305 NY 191, 198 [1953]; *see Ehrlich v American Moninger Greenhouse Mfg. Corp.*, 26 NY2d 255, 259-260 [1970]; *Corcoran v National Union Fire Ins. Co. of Pittsburgh, Pa.*,143 AD2d 309 [1988]; *see also Matter of Perfection Tech. Servs. Press*, 22 AD2d 352, 356 [1965], *affd* 18 NY2d 644 [1966]). Since this action was brought by the Joint Venture to recover money due on a contract entered into by the Joint Venture, the defendants were not entitled to assert counterclaims against Michelman in its individual capacity, based on matters unrelated to the business of the Joint Venture. Accordingly, the defendants failed to raise an issue of fact necessitating a trial.

The defendants' remaining contention is without merit. Florio, J.P., S. Miller, Santucci and Spolzino, JJ., concur.