■ STUART MARTIN BRAGDON, Appellant, v ROBIN EHRLICH BRAGDON, Respondent. [803 NYS2d 523]—

Order, Supreme Court, New York County (John E.H. Stackhouse, J.), entered on or about May 27, 2004, and order, same court and Justice, entered on or about November 5, 2004, which, after a hearing, inter alia, denied plaintiff's motion to be paid the balance of the equitable distribution purportedly still owed to him, and directed him to repay the sum of $11,667.76 to defendant's corporation, unanimously affirmed, without costs.

By judgment entered on January 6, 2002, the marriage between the parties herein was dissolved. According to that judgment, the parties had entered into an oral stipulation of settlement resolving certain issues, including all financial matters

arising out of the marriage. When many of the terms of the parties' agreement had still not been implemented by June 2003, the parties entered into a second stipulation which was subsequently incorporated into the judgment of divorce. However, the terms of the second stipulation were also not fully implemented, and both parties moved to, inter alia, compel enforcement of the judgment and/or stipulation. After a hearing was conducted, the court found defendant to be credible and plaintiff not to be, and rendered a decision that generally accepted defendant's position in the dispute between the parties.

The factfinding of a trial court should not be disturbed unless its conclusions could not have been reached under any fair interpretation of the evidence, particularly where its determination rests, in whole or in part, upon the credibility of the witnesses (*Thoreson v Penthouse Intl.*, 80 NY2d 490, 495 [1992]). Here, the evidence supports the court's determinations. Moreover, since there is no indication that plaintiff ever objected to any of the matters that were presented to the court for decision, he may not now complain about the scope of the court's ruling. In any event, it is clear that the parties' stipulation did not settle all of their disagreements since it expressly listed several unresolved items, and it cannot be said that any of the matters decided by the court did not arise out of the stipulation. We have considered plaintiff's other arguments and find them to be unavailing. Concur—Marlow, J.P., Nardelli, Williams, Sweeny and McGuire, JJ.