**BENJAMIN, Supt., Appellee,**

v.

**ERNST & YOUNG, L.L.P., Appellant.**

[Cite as *Benjamin v. Ernst & Young, L.L.P.*, 167 Ohio App.3d 350, 2006-Ohio-2739.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 04AP–799.

Decided June 1, 2006.

Jim Petro, Attorney General; Kegler, Brown, Hill & Ritter Co., Melvin D. Weinstein, Richard W. Schuermann Jr., and Loriann E. Fuhrer, for appellee.

Squire, Sanders & Dempsey, L.L.P., John R. Gall, and Kristen J. Brown; Mayer, Brown, Rowe & Maw, L.L.P., Stanley J. Parzen, and Edward H. Williams, for appellant.

PETREE, Judge.

{¶ 1} Plaintiff-appellee, Ann H. Womer Benjamin, Superintendent of the Ohio Department of Insurance, filed a complaint against Ernst & Young, L.L.P. ("E & Y"), Foley & Lardner, and Michael J. Woolever (collectively "Foley"), alleging negligence and breach of fiduciary duty and seeking recovery of payments made by American Chambers Life Insurance Company ("ACLIC"), in connection with the liquidation proceedings of ACLIC. E & Y was ACLIC's former accountant, Foley was ACLIC's former attorneys, and Woolever was a partner in the law firm. E & Y filed a motion to dismiss or to compel arbitration, which has not yet been ruled upon. Foley filed an answer, affirmative defenses, and counterclaims against the Ohio Department of Insurance ("ODI") and a motion to transfer the action to the Ohio Court of Claims. Appellee filed a motion to dismiss, pursuant to Civ.R. 12(B)(1) and (6), Foley's counterclaims and, pursuant to Civ.R. 12(F), to strike the affirmative defenses.

{¶ 2} The Court of Claims granted appellee's motion to dismiss and remanded the entire action to the Franklin County Court of Common Pleas. Both E & Y and Foley filed notices of appeal, which were consolidated. Subsequently, appellee and Foley partially settled the claims, and Foley dismissed its appeal. Thus, E & Y's appeal is all that remains pending. E & Y has raised the following three assignments of error:

1. The Court of Claims erred in dismissing Foley & Lardner's and Michael H. Woolever's (collectively "Foley's") counterclaims based on the Court's holding that the Superintendent of the Ohio Department of Insurance as liquidator of American Chambers Life Insurance Company ("ACLIC") is a different legal person from the Superintendent of the Ohio Department of Insurance acting as regulator and/or rehabilitator of ACLIC.

2. The Court of Claims erred in dismissing Foley's counterclaims based on the ground that the Superintendent of the Ohio Department of Insurance brought her claims only as liquidator of ACLIC and not as regulator and/or rehabilitator of ACLIC.

3. The Court of Claims erred in dismissing Foley's counterclaims for negligent misrepresentation and promissory estoppel on the basis that those claims stated only affirmative defenses rather than claims for relief.

{¶ 3} Initially, we address the issue of whether E & Y has standing to bring this appeal. Appellee filed a motion to dismiss E & Y's appeal contending that E & Y does not have standing to appeal because the Court of Claims' decision did not determine the claims against E & Y but only dismissed Foley's counterclaims and defenses, i.e., the decision did not adversely affect E & Y. This

court denied appellee's motion to dismiss. Appellee revisited the issue in her brief to this court.

{¶ 4} Generally, an appellant does not have standing to argue issues affecting another person. However, an appellant may "complain of an error committed against a nonappealing party when the error is prejudicial to the rights of the appellant." *In re Smith* (1991), 77 Ohio App.3d 1, 13, 601 N.E.2d 45. Again, under the circumstances in this case, we find the potential res judicata effect on E & Y's contentions in appellee's action in a common pleas court is an adverse effect on E & Y and, therefore, E & Y has standing. See *State ex rel. Gabriel v. Youngstown* (1996), 75 Ohio St.3d 618, 665 N.E.2d 209.

{¶ 5} By the first assignment of error, E & Y contends that the Court of Claims erred in dismissing Foley's counterclaims based on the finding that the superintendent of ODI, acting as liquidator, is a different legal person from the superintendent of ODI acting as regulator of ACLIC. The counterclaims were alleged against the superintendent of ODI in her official capacity as regulator. Count 1 asserted that ODI negligently failed to properly regulate and supervise ACLIC, that ODI failed to act to protect the policyholders, creditors, and the public, and that such failure is the primary and proximate cause of the injuries for which the liquidator seeks recovery. Thus, Foley is entitled to contribution from ODI in an amount equal to any judgment against them. Count 2 asserted a claim for promissory estoppel, alleging that ODI had promised not to seek to avoid ACLIC's attorney-fee payments as a preference payment. Count 3 asserted a claim for negligent misrepresentation, alleging that ODI failed to exercise reasonable care in falsely representing that it would not seek to avoid ACLIC's attorney-fee payments as a preference. Foley sought to recover contribution from ODI, compensatory damages, and prejudgment and postjudgment interest.

{¶ 6} In order for a trial court to grant a motion to dismiss for failure to state a claim upon which relief may be granted, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus. In construing the complaint upon a Civ.R. 12(B)(6) motion, a court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753. In order for a trial court to grant a motion to dismiss for lack of jurisdiction over the subject matter, the standard to apply is whether the plaintiff has alleged any cause of action cognizable by the forum. *Avco Fin. Servs. Loan, Inc. v. Hale* (1987), 36 Ohio App.3d 65, 67, 520 N.E.2d 1378.

{¶ 7} The trial court dismissed Foley's counterclaims because they were not asserted against the superintendent in her capacity as liquidator of ACLIC, but, rather, were asserted against the superintendent in her regulatory capacity as director of ODI, based on actions that allegedly occurred prior to the liquidation of ACLIC. A counterclaim may only be asserted against an opposing party and only against that party in the capacity in which that party sued. *Quintus v. McClure* (1987), 41 Ohio App.3d 402, 536 N.E.2d 22.

{¶ 8} Appellant argues that Foley's counterclaims and defenses allege that actions taken by appellee in her capacity as regulator of ACLIC, and ODI, which occurred prior to the appointment of appellee as liquidator, are the cause of ACLIC's downfall. Appellee contends that the superintendent, acting in her regulatory capacity as director of ODI, is legally separate and distinct from the superintendent acting in her capacity as liquidator of an insolvent insurance company, and the superintendent acting as liquidator cannot be held responsible for actions taken by the superintendent acting as director of ODI.

{¶ 9} An examination of the framework of the insurance statutes is necessary to determine whether the superintendent is two distinct legal entities. R.C. 3901.011 sets forth the general powers and duties of the Superintendent of Insurance, as follows:

> The superintendent of insurance shall be the chief executive officer and director of the department of insurance and shall have all the powers and perform all the duties vested in and imposed upon the department of insurance. The superintendent of insurance shall see that the laws relating to insurance are executed and enforced.

{¶ 10} Pursuant to R.C. 3901.011, the Superintendent of Insurance "is granted wide latitude and authority in overseeing insurance companies. It is his mandatory duty to execute and enforce the laws relating to insurance." *Strack v. Westfield Cos.* (1986), 33 Ohio App.3d 336, 338, 515 N.E.2d 1005. The superintendent is also authorized to institute actions to rehabilitate or liquidate insurance companies under R.C. Chapter 3903. "The statutory scheme of R.C. Chapter 3903 is intended to protect the rights of insureds, policyholders, creditors, and the public generally." *Fabe v. Prompt Finance, Inc.* (1994), 69 Ohio St.3d 268, 275, 631 N.E.2d 614.

{¶ 11} R.C. 3903.12 provides that the superintendent of insurance "may file a complaint in the court of common pleas for an order authorizing him to rehabilitate a domestic insurer or an alien insurer domiciled in this state" on the basis of various enumerated grounds. R.C. 3903.13(A) provides:

> An order to rehabilitate the business of a domestic insurer, or an alien insurer domiciled in this state, shall appoint the superintendent of insurance and his

successors in office the rehabilitator, and shall direct the rehabilitator forthwith to take possession of the assets of the insurer, and to administer them under the general supervision of the court. The rehabilitator is vested by operation of law with the title to all property, contracts, and rights of action of the company as of the date of the entry of the judgment of the court order directing rehabilitation.

{¶ 12} As rehabilitator, the superintendent "may take such action as he considers necessary or appropriate to reform and revitalize the insurer." R.C. 3903.14(B). If it appears that there has been criminal or tortious conduct, the rehabilitator may "pursue all appropriate legal remedies on behalf of the insurer." R.C. 3903.14(C). Upon determining that "reorganization, consolidation, conversion, reinsurance, merger, or other transformation of the insurer is appropriate, he shall prepare a plan to effect such changes." R.C. 3903.14(D). If the superintendent believes that the rehabilitation of an insurer "would substantially increase the risk of loss to creditors, policyholders, or the public, or would be futile, the superintendent may file a motion in the court of common pleas for an order of liquidation." R.C. 3903.16(A).

{¶ 13} A liquidation order appoints the superintendent as liquidator of the insolvent insurer and directs the liquidator to take possession of the insurer's assets. R.C. 3903.18(A). The liquidator holds the assets on behalf of, and for the benefit of, the members, policyholders, shareholders, and creditors of the insolvent insurer, not for the benefit of the state of Ohio. The liquidation order empowers the liquidator to collect all debts and money due to the insurer, conduct public and private sales of the property of the insurer, acquire, hypothecate, encumber, lease, improve, sell, transfer, abandon, or otherwise dispose of or deal with any property of the insurer, borrow money, and prosecute any action which may exist on behalf of the creditors, members, policyholders or shareholders of the insurer. R.C. 3903.21. Without the liquidation order, the superintendent is unable to use any of these powers because they rest with the insurer.

{¶ 14} Other jurisdictions have recognized that the superintendent/director as regulator of insurance performs a distinct role from the liquidator or rehabilitator. See *Corcoran v. Natl. Union Fire Ins. Co.* (1988), 143 A.D.2d 309, 532 N.Y.S.2d 376. In *Natl. Union Fire,* the court stated that "[t]he plaintiff Superintendent of Insurance as Liquidator * * * acts in a separate and distinct capacity from his role as regulator of the insurance industry." Id. at 310–311, 532 N.Y.S.2d 376. The court found that the liquidator was only subject to defenses that could be raised against the insurance company and counterclaims could not be asserted against the liquidator in a capacity different from that in which he appeared in the action. See, also, *Foster v. Monsour Med. Found.* (Pa.Commw.1995), 667 A.2d 18, 20:

[T]he Statutory Liquidator steps into the shoes of the insurer and recoups its assets in order to protect the rights of its creditors, policyholders and shareholders. Any actions commenced by the Liquidator are on behalf of the insurance company and its creditors and policyholders. In effect, the Liquidator's action against the officers and directors of the insurance company seeks to enforce the rights of the company and other interested individuals. The Liquidator's claims are not premised upon any rights asserted by the Insurance Department or the Insurance Commissioner.

*Williams v. Continental Stock Transfer & Trust Co.* (N.D.Ill.1998), 1 F.Supp.2d 836, 843. ("[T]he Commissioner has two capacities: that of a rehabilitator and that of a liquidator. * * * As a rehabilitator, the Commissioner and the insurance company are two separate entities. * * * As a liquidator, the Superintendent steps into the shoes of the defunct insurance company and succeeds to all of its rights and remedies, and is subject to all defenses that could be raised against the company").

{¶ 15} Ohio, New York, and Indiana have adopted the Insurers Supervision, Rehabilitation and Liquidation Model Act. *Ti–Bert Systems, Inc. v. Union Indemn. Ins. Co. of New York* (May 30, 1990), Summit App. No. 14207, 1990 WL 73647; *State v. Ramos* (1987), 41 Ohio App.3d 88, 534 N.E.2d 885. Therefore, the reasoning of the court in *In re Ideal Mut. Ins. Co.* (1988), 140 A.D.2d 62, 67, 532 N.Y.S.2d 371, is instructive in this case, as follows:

When acting as statutory liquidator of an insolvent insurer, the Superintendent is essentially a court-appointed private trustee who for all practical purposes takes the place of the insolvent insurer and stands in its shoes * * * and by virtue of the power derived from the statute and the court order appointing him, the Superintendent as liquidator acquires all property and rights of action of the liquidated company * * *. The Superintendent, as liquidator of an insurance company, does therefore, occupy a legal personality separate and distinct from the Superintendent of Insurance as the public official charged with regulating the industry generally.

{¶ 16} In *In re Ideal Mut. Ins. Co.*, Ideal Mutual Insurance Company ("Ideal") was placed in liquidation and the superintendent was appointed liquidator. The liquidator filed an action against Ideal's officers and directors, alleging that they had breached their fiduciary duty to the company by mismanaging its affairs. The defendants denied the allegations and raised various affirmative defenses and cross-claims. The affirmative defenses related to the superintendent's conduct in his capacity as the state official regulating the insurance industry and not in his capacity as liquidator of Ideal. Thus, the liquidator moved to dismiss the affirmative defenses as irrelevant. The court found that the superintendent occupies a distinct legal persona differing in legal status from the persona of

superintendent as liquidator. Thus, the affirmative defenses against the superintendent as regulator were dismissed.

{¶ 17} The Court of Claims in this case found that under R.C. 3903.04(B), only the court of common pleas has jurisdiction to entertain "any complaint praying for the dissolution, liquidation, rehabilitation, sequestration, conservation, or restraining order, preliminary injunction, or permanent injunction, or other relief preliminary to, incidental to, or relating to delinquency proceedings other than in accordance with sections 3903.01 to 3903.59 of the Revised Code." R.C. 3903.04(E) provides that "[a]ll actions authorized in sections 3903.01 to 3903.59 of the Revised Code shall be brought in the court of common pleas of Franklin county."[1] Thus, the Court of Claims determined that the superintendent as liquidator is not subject to counterclaims arising from acts or omissions of the superintendent in her capacity as regulator.

{¶ 18} Further support for this position is that the statute provides that only the superintendent can be named as liquidator of a company. However, any actions on behalf of the insured may be initiated in the insured's name, and clearly, ODI would not be a party to the action. R.C. 3903.21(A)(12). Any benefits received from a judgment or settlement in an action initiated by the liquidator accrue to the sole benefit of the members, shareholders, policyholders, and creditors of the insured, not to the state of Ohio. This court has previously recognized that the liquidator stands in the shoes of the insolvent insurer. See *Covington v. Lucia,* 151 Ohio App.3d 409, 2003-Ohio-346, 784 N.E.2d 186.

{¶ 19} Since we find that the superintendent as liquidator is a separate entity from the superintendent as regulator, the Court of Claims properly dismissed the counterclaims against the liquidator and remanded the action to the court of common pleas. Appellant's first assignment of error is not well taken.

{¶ 20} By the second assignment of error, appellant contends that the Court of Claims erred in dismissing Foley's counterclaims based on the ground that the superintendent of ODI brought her claims only as liquidator of ACLIC and not as regulator and/or rehabilitator of ACLIC. R.C. 3903.04(A) provides that actions may only be initiated by the superintendent as liquidator. Since we have found that the superintendent is two entities, clearly the superintendent as regulator did not initiate the complaint. However, the allegations in the complaint in this case are similar to those in *Benjamin v. Sawicz,* 159 Ohio App.3d 265, 2004-Ohio-6121, 823 N.E.2d 879, in which this court found that the liquidator placed in issue alleged conduct by appellants affecting ODI that occurred before

---

1. We are not determining whether the Court of Claims has jurisdiction to hear counterclaims if appellants file a third-party complaint against the state of Ohio and the action is again removed to the Court of Claims.

the superintendent was appointed as liquidator, including the time during which the superintendent was acting as regulator. While such allegations may be sufficient to require the superintendent to submit to discovery requests to enable appellant to defend itself, it is not a sufficient allegation to find that the superintendent filed a complaint, contrary to law, that seeks recovery apart from her role as liquidator. Appellant's second assignment of error is not well taken.

{¶ 21} By the third assignment of error, appellant contends that the Court of Claims erred in dismissing Foley's counterclaims for negligent misrepresentation and promissory estoppel on the basis that those claims stated only affirmative defenses rather than claims for relief. The Court of Claims found that the counterclaim sought indemnity and/or contribution from the superintendent in her capacity as regulator and, since the counterclaim against the liquidator does not seek relief in the form of money damages, the court of common pleas has jurisdiction.

{¶ 22} While it appears that the counterclaim sought compensatory damages rather than merely indemnity and/or contribution, and the Court of Claims may have erred in failing to so find, we have already determined that the Court of Claims properly dismissed the counterclaims because they were against the superintendent in her capacity as regulator, not as liquidator. Thus, appellant's third assignment of error is not well taken.

{¶ 23} For the foregoing reasons, appellant's three assignments of error are overruled, and the judgment of the Ohio Court of Claims is affirmed.

Judgment affirmed.

BRYANT and TRAVIS, JJ., concur.