OPINION
{¶ 1} Appellants/third-party plaintiffs, Foley Lardner and Michael Woolever, as well as appellant, Ernst Young, LLP (collectively, "appellants"), appeal from a judgment of the Ohio Court of Claims granting the motion to dismiss of appellee/third-party defendant, the Ohio Department of Insurance ("ODI"). Because the Court of Claims improperly granted ODI's motion to dismiss, we reverse.
 {¶ 2} In her capacity as Liquidator for American Chambers Life Insurance Company ("ACLIC"), Ann H. Womer Benjamin, Superintendent of the Ohio Department of Insurance ("superintendent"), commenced this action in the Franklin County Court of Common Pleas against (1) Ernst Young, LLP ("E Y"), and (2) Foley Lardner and Michael J. Woolever (collectively, "Foley"). E Y is an accounting firm that audited *Page 3 
ACLIC's financial statements prior to the delinquency proceedings that resulted in the liquidation of ACLIC; Foley Lardner is a law firm that represented ACLIC prior to liquidation; and Woolever was a partner at Foley Lardner. The superintendent's complaint alleged appellants not only negligently performed services for ACLIC, but also breached their fiduciary duty to ACLIC. The superintendent sought recovery of payments ACLIC made to appellants.
 {¶ 3} In response to the superintendent's complaint, E Y filed a motion to dismiss or to compel arbitration; the trial court has not ruled on the motion. Foley, however, filed an answer setting forth affirmative defenses, counterclaims against ODI, and a motion to transfer the action to the Ohio Court of Claims. On transfer to the Ohio Court of Claims, the superintendent filed a motion to dismiss Foley's counterclaims and to strike its affirmative defenses. The Court of Claims granted the motion to dismiss and returned the action to the Franklin County Court of Common Pleas. Both E Y and Foley filed notices of appeal that were consolidated in this court.
 {¶ 4} The superintendent and Foley subsequently partially settled the superintendent's claims against Foley, and Foley dismissed its appeal. Concluding E Y had standing to appeal, this court affirmed the judgment of the Court of Claims that dismissed Foley's counterclaims. In affirming, we determined the superintendent may act in two separate capacities: regulator and liquidator. While Foley's counterclaims asserted claims against the superintendent as regulator, the superintendent filed the action against appellants in her separate capacity as liquidator. Accordingly, we concluded a counterclaim was not an available means to bring Foley's claims against *Page 4 
the superintendent as regulator. Benjamin v. Ernst Young, L.L.P.,167 Ohio App.3d 350, 2006-Ohio-2739.
 {¶ 5} While the appeal was pending, Foley filed both a third-party complaint in the Franklin County Court of Common Pleas seeking money damages against ODI and a petition that removed the entire action to the Court of Claims. Due to a partial settlement, parts of the third-party complaint were dismissed with prejudice; only Foley's third-party claim seeking contribution from ODI remains. ODI filed a motion to dismiss the third-party complaint pursuant to Civ.R. 12(B)(1) and (6) and, alternatively, a motion to sever. After the appeal was resolved, the Court of Claims granted ODI's motion to dismiss the third-party complaint. In the absence of an extant claim against the state, the Court of Claims returned the action to the Franklin County Court of Common Pleas.
 {¶ 6} Both Foley and E Y filed appeals, again consolidated in this court, assigning the following error:
 The Court of Claims committed reversible error in dismissing the Third Party Complaint, filed by Defendants/Third Party Plaintiffs Foley Lardner and Michael Woolever against the Ohio Department of Insurance for lack of subject matter jurisdiction, and remanding the case to the Franklin County Court of Common Pleas.
ODI filed a cross-appeal, assigning the following errors:
 1. To the extent that the Court of Claims erred in concluding that R.C. 3903.04 divested the court of subject matter jurisdiction over the Third-Party Complaint filed by Defendants/Third Party Plaintiffs Foley Lardner and Michael Woolever against the Ohio Department of Insurance, the complaint should have instead been dismissed for failure to state a claim upon which relief could be granted under Sections 3903.01 to 3903.59 of the Revised Code.
 2. To the extent that the Court of Claims erred in concluding that R.C. 3903.04 applied to the Third-Party Complaint filed *Page 5 
by the Defendants/Third Party Plaintiffs Foley Lardner and Michael Woolever against the Ohio Department of Insurance, the complaint should have instead been dismissed under the discretionary function immunity doctrine.
 3. To the extent the Court of Claims erred in concluding that R.C. 3903.04 applied to the Third-Party Complaint filed by Defendants/Third Party Plaintiffs Foley Lardner and Michael Woolever against the Ohio Department of Insurance, the complaint should have instead been dismissed due to the failure of F Y to plead the existence of a special duty/special relationship on the part of ODI.
 {¶ 7} In their single assignment of error, appellants contend the Court of Claims erred in concluding that R.C. 3903.04 vests the Franklin County Court of Common Pleas with exclusive jurisdiction over Foley's third-party complaint against ODI. In reviewing the Court of Claims' judgment dismissing Foley's third-party complaint pursuant to Civ.R. 12(B)(1), we must determine whether the third-party complaint states "any cause of action cognizable by the forum * * *." State ex rel. Bushv. Spurlock (1989), 42 Ohio St.3d 77, 80.
 {¶ 8} R.C. 3903.04(A) provides that "[n]o delinquency proceeding shall be commenced under this chapter by anyone other than the superintendent of insurance of this state. No court has jurisdiction to entertain, hear, or determine any delinquency proceeding commenced by any other person." As used in the statute, delinquency proceeding "means any proceeding commenced against an insurer for the purpose of liquidating, rehabilitating, reorganizing, or conserving the insurer, and any summary proceeding under section 3903.09 or 3903.10 of the Revised Code." R.C.3903.01. R.C. 3903.04(A) thus determines, for purposes of this action, who may institute delinquency proceedings under R.C. 3903.04 to liquidate ACLIC: the superintendent of insurance. *Page 6 
 {¶ 9} R.C. 3903.04(B) states that "[n]o court of this state has jurisdiction to entertain, hear, or determine" the superintendent's complaint praying for the liquidation of ACLIC or praying for a temporary "restraining order, preliminary injunction, or permanent injunction, or other relief preliminary to, incidental to, or relatingto delinquency proceedings other than in accordance with sections3903.01 to 3903.59 of the Revised Code." (Emphasis added.) R.C.3903.04(E) specifies that "[a]ll actions authorized in sections 3903.01
to 3903.59 of the Revised Code shall be brought in the court of common pleas of Franklin County." Based on the italicized language in R.C.3903.04(B), ODI argues that because the claim in Foley's third-party complaint "arises directly from, is incidental to, or is related to delinquency proceedings," R.C. 3903.04 mandates exclusive jurisdiction in the Franklin County Court of Common Pleas.
 {¶ 10} A proper third-party complaint arises from the transaction or occurrence that is the subject matter of the primary claim. As the Supreme Court of Ohio explained, "[t]he transaction or occurrence which forms the subject matter of the primary claim must be the same transaction or occurrence that gives rise to legal rights in the defendant against the third-party defendant. If the claim asserted in the third-party complaint does not arise because of the primary claim, or is in some way derivative of it, then such claim is not properly asserted in a third-party complaint." State ex rel. Jacobs v. MunicipalCourt (1972), 30 Ohio St.2d 239, 242. Thus, ODI argues, the third-party complaint necessarily is "preliminary to, incidental to, or related to delinquency proceedings."
 {¶ 11} ODI's argument invokes one possible interpretation of R.C.3903.04(B): only the Franklin County Common Pleas Court has jurisdiction to determine a request *Page 7 
for "relief preliminary to, incidental to, or relating to delinquency proceedings." Indeed, it is one we cannot summarily reject as bearing no relation to the language of the statute. The interpretation ODI suggests, however, results in insulating ODI from possible negligence in the performance of its duties as regulator for the insurance industry and, in particular, ACLIC. Specifically, under ODI's proposed interpretation, Foley would be required to initiate the third-party complaint in the Franklin County Common Pleas Court. The same court, however, lacks jurisdiction to hear the third-party complaint because the third-party defendant, ODI, is subject to suit for money damages only in the Court of Claims. See R.C. 2743.03(A)(1) (stating that "[t]he court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code");Boggs v. State (1983), 8 Ohio St.3d 15.
 {¶ 12} By statute, the superintendent as liquidator is immune under R.C. 3903.24 from civil actions, but nowhere has the legislature expressed an intent that ODI be immune for negligent actions taken in pursuit of its regulatory function. As a result, although ODI posits a possible interpretation of R.C. 3903.04(B), ODI's interpretation directly contradicts the provisions of R.C. Chapter 2743 that permit the state to be held liable in money damages.
 {¶ 13} Accordingly, we necessarily examine the language of R.C.3903.04(B) to determine whether it lends itself to any other interpretation consistent with the authority granted in R.C. Chapter 2743 to sue the state for money damages. In that context, we must resolve whether R.C. 3903.04 requires Foley's third-party complaint to be adjudicated in the Franklin County Court of Common Pleas. SeeFranklin Township v. *Page 8 Village of Marble Cliff (1982), 4 Ohio App.3d 213, 217 (stating "[i]t is a fundamental rule of statutory construction that, where under one possible construction two statutes would appear to be irreconcilable, but under another possible construction they would not, the construction will be adopted which harmonizes the statutes and gives effect to each").
 {¶ 14} Appellants urge that R.C. 3903.04(B) does not apply to Foley's third-party claim because the third-party complaint does not seek "relief preliminary to, incidental to, or relating to delinquency proceedings." Appellants base their interpretation of R.C. 3903.04(B) on the statutory language that a "delinquency proceeding" is a proceeding commenced against an insurer for the purpose of liquidating, rehabilitating, reorganizing, or conserving the insurer. From that premise, appellants contend R.C. 3903.04(B) addresses only a complaint seeking relief in the form of dissolution, liquidation, rehabilitation, or other relief the superintendent institutes against or on behalf of an insurer. Because Foley's third-party complaint seeks monetary damages from a third party non-insurer, appellants assert R.C. 3903.04 does not apply to Foley's claim.
 {¶ 15} R.C. 3903.04(B) lends itself to the interpretation appellants suggest. While R.C. 3903.04(A) defines who may commence delinquency proceedings, R.C. 3903.04(B) addresses where the superintendent must commence those proceedings and any related litigation. Pursuant to such interpretation, R.C. 3903.04(B), combined with R.C. 3903.04(E), states that the delinquency proceedings the superintendent commences, including "any other relief preliminary to, incidental to, or relating to delinquency proceedings" that she initiates, are to be filed in the Franklin County *Page 9 
Common Pleas Court. Under that interpretation, the statute does not address where Foley's third-party complaint must be filed.
 {¶ 16} Interpreting R.C. 3903.04(B) to state only where the superintendent must commence delinquency proceedings and related actions not only preserves the positive effects of ODI's interpretation, but has other corollary results. Specifically, it provides the superintendent a defense to suggestions that the superintendent's action is more appropriately venued elsewhere. Secondly, it preserves the legislative intent that the superintendent's complaint for liquidation, as well as any related matters she may initiate, are litigated in, and under the supervision of, one court. In that regard, third-party complaints do not directly affect the rehabilitation, dissolution or liquidation of the subject insurance company. Rather, they address whether the defendant subject of the superintendent's complaint in the related action can recover any portion of the assessed damages from a third party, a matter of little or no consequence to the superintendent. Nor can Foley's third-party complaint be used as leverage in the superintendent's action against appellants, as the superintendent there is acting as liquidator, not as the regulator who oversees the third-party defendant, ODI.
 {¶ 17} Significantly, appellants' interpretation also allows R.C. Chapter 2743 to be fully effective. Because R.C. 3903.04(B) does not govern Foley's third-party complaint, the Court of Claims may (1) sever the third-party complaint from the superintendent's complaint, (2) return the complaint to the common pleas court for further proceedings, (3) stay the third-party complaint, and (4) hear it in the Court of Claims following the conclusion of the action against Foley in the common pleas court. At that time, if appropriate under the result reached in resolving the complaint against *Page 10 
Foley in the common pleas court, the Court of Claims may determine whether ODI is liable in damages to Foley.
 {¶ 18} ODI's cross-assignments of error present other arguments supporting the dismissal of Foley's third-party complaint. The Court of Claims, however, did not address any of ODI's other arguments because it dismissed the third-party complaint for lack of subject matter jurisdiction. Since the Court of Claims did not consider ODI's arguments, we decline to address them in the first instance. Once the litigation in the common pleas court is concluded and the stay of the third-party complaint is lifted, the Court of Claims initially will need to address ODI's other contentions regarding dismissal.
 {¶ 19} For the foregoing reasons, appellants' assignment of error is sustained; we decline to address ODI's cross-assignments of error at this time. We remand this matter to the Court of Claims with instructions to sever Foley's third-party complaint, to return the remainder of the action to the Franklin County Common Pleas Court, to stay the third-party complaint pending completion of the superintendent's action against Foley in the common pleas court, and, on conclusion of that action, to lift the stay, address ODI's other arguments supporting its motion to dismiss, and, as necessary, address the merits of the third-party complaint.
Judgment reversed and cause remanded with instructions.
 BROWN and McGRATH, JJ., concur. *Page 1