■ KERMANSHAH ORIENTAL RUGS, INC., Appellant, v PARIVAS LATEFI et al., Respondents. [858 NYS2d 160]—

Judgment, Supreme Court, New York County (John E.H. Stackhouse, J.), entered May 3, 2007, after a nonjury trial, dismissing the complaint and awarding defendants the principal sum of $11,200 on their counterclaim, unanimously reversed, on the law and the facts, without costs, plaintiff awarded $16,000, with statutory interest from December 31, 2001, on its claim for goods sold and delivered, and the counterclaims dismissed. The Clerk is directed to enter judgment accordingly. Appeal from order, same court and Justice, entered on or about January 22, 2007, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Initially, we find that the trial court erred when it dismissed plaintiff's claims on the ground that the agreements herein ran afoul of the statute of frauds (General Obligations Law § 5-701

[a]), which applies only to those agreements which, by their terms, "have absolutely no possibility in fact and law of full performance within one year" (*D & N Boening v Kirsch Beverages*, 63 NY2d 449, 454 [1984]; *see Foster v Kovner*, 44 AD3d 23, 26 [2007]). In this matter, no such terms existed and the agreements between the parties were certainly capable of being performed within the statutory time frame.

We also find unavailing plaintiff's claim that a new trial is warranted on the ground that the decision and judgment failed to state the essential facts on which they are based for, although brief, the trial court's decisions set forth sufficient findings of fact and conclusions of law to satisfy the requirements of CPLR 4213 (b). In any event, the record, which encompasses the entire trial transcript and exhibits, is adequate enough to allow this Court to conduct an independent factual review and make the requisite findings (*Hugh O'Kane Elec. Co., LLC v MasTec N. Am., Inc.*, 45 AD3d 413, 414 [2007]; *Marks v Macchiarola*, 250 AD2d 499 [1998]).

It is well settled that the fact-finding determination of a trial court should not be disturbed, particularly where such determination rests, in whole or in part, upon the credibility of witnesses (*Thoreson v Penthouse Intl.*, 80 NY2d 490, 495 [1992]; *Bragdon v Bragdon*, 23 AD3d 203, 204 [2005]).

Bearing the foregoing in mind, we decline to disturb the trial court's findings in favor of defendants with regard to those consignments where defendants claimed, and plaintiff denied, that plaintiff had accepted reduced payments for the delineated items. With respect to two of the consignments, however, dated January 22, 2002 and May 22, 2002, both of which involved $8,000 items, the documentary evidence indicates that those items were delivered to defendants but never paid for.

Finally, the court erred in awarding $8,000 on a counterclaim since that claim sought damages for services rendered to one of plaintiff's partners in his individual capacity, even though he is not a named party (*Michelman-Cancelliere Iron Works, Inc. v Kiska Constr. Corp.-USA*, 18 AD3d 722, 723 [2005]; *Corcoran v National Union Fire Ins. Co. of Pittsburgh*, 143 AD2d 309, 311 [1988]). Moreover, there was no basis for the additional award of $3,200 for payments allegedly not credited to defendants, especially in the absence of any counterclaim for such relief. Concur—Mazzarelli, J.P., Saxe, Friedman and Nardelli, JJ.