Kingsley v 300 W. 106th St. Corp. (2018 NY Slip Op 03944)





Kingsley v 300 W. 106th St. Corp.


2018 NY Slip Op 03944


Decided on June 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2018

Friedman, J.P., Sweeny, Gische, Mazzarelli, Gesmer, JJ.


162016/15 2402 6778B 6778A 6778

[*1] Lawrence Kingsley, Plaintiff-Appellant,
v
300 W. 106th St. Corp., Defendant-Respondent. [And a Third-Party Action]


Lawrence Kingsley, appellant pro se.
Adam Leitman Bailey, P.C., New York (Jeffrey R. Metz of counsel), for respondent.



Order, Supreme Court, New York County (Shlomo Hagler, J.), entered on or about July 6, 2016, which granted defendant's motion for outstanding use and occupancy from March 2015 through June 2016 and ongoing use and occupancy pendente lite, unanimously affirmed, without costs. Order, same court and Justice, entered March 23, 2017, which denied plaintiff's motion to renew defendant's motion and plaintiff's motion to dismiss defendant's counterclaim, unanimously affirmed, without costs. Orders, same court and Justice, entered March 23, 2017, which denied plaintiff's motion to amend his prior motion to renew and to dismiss defendant's counterclaim, and granted defendant's motion for leave to amend its answer, affirmative defenses, counterclaim, and third-party complaint, unanimously affirmed, without costs.
The court providently exercised its broad discretion in requiring plaintiff, who occupies the apartment and claims to have succession rights, to pay use and occupancy equal to the monthly rent under the lease for the subject rent stabilized apartment during the pendency of this action (see 43rd St Deli, Inc v Paramount Leasehold, L.P., 107 AD3d 501 [1st Dept 2013]). Indeed, plaintiff conceded on the record that defendant was entitled to use and occupancy (see Eli Haddad Corp. v Redmond Studio, 102 AD2d 730, 731 [1st Dept 1984]). Such interim payments are a condition to plaintiff remaining in the apartment until his claim to succession rights is resolved, and they are without prejudice to either party's rights. We do not need to address at this point in the litigation who, as between the estate and plaintiff individually, owes these monies. It is sufficient, for now, that plaintiff actually remains living in the apartment.
Plaintiff's motions to renew and to amend his motion to renew were properly denied. Whether or not the evidence of his relationship with Schoener is relevant to his entitlement to succession rights, it has no bearing on the use and occupancy issue. Contrary to plaintiff's contention, defendant's counterclaim does not violate the "capacities" rule (see Corcoran v National Union Fire Ins Co. of Pittsburgh, 143 AD2d 309, 311 [1st Dept 1988]). While the third-party complaint asserts claims against plaintiff in his representative capacity, the counterclaim is properly asserted against plaintiff in his individual capacity.
Defendant demonstrated that plaintiff was unlikely to be surprised and is not prejudiced by the ejectment claims in its amended pleadings (see Kocourek v Booz Allen Hamilton Inc., 85 AD3d 502, 504 [1st Dept 2011]). Plaintiff understands that defendant contests his asserted right to remain in the apartment.
We have considered plaintiff's remaining arguments and find them unavailing.
M-2402 - Lawrence Kingsley v 300W 106th St. Corp.
Motion to amend brief and for related relief granted.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 5, 2018
CLERK