Matter of Maurice C.C. v Michelle A. (2025 NY Slip Op 01162)

Matter of Maurice C.C. v Michelle A.

2025 NY Slip Op 01162

Decided on February 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2025

Before: Moulton, J.P., Gesmer, Mendez, Higgitt, O'Neill Levy, JJ. 

|Docket No. V-7775-22|Appeal No. 3774|Case No. 2023-06182|

[*1]In the Matter of Maurice C.C., Petitioner-Appellant,
v
Michelle A., Respondent-Respondent.

Kahn & Goldberg, LLP, New York (Michele Kahn of counsel), for appellant.
Salzano Ettinger & Lampert LLP, New York (Brianne A. Copp of counsel), for respondent.

Order, Family Court, Bronx County (Alma M. GÓmez, J.), entered on or about November 28, 2023, which determined, after a hearing, that Family Court lacked subject matter jurisdiction under the Uniform Child Custody Jurisdiction Enforcement Act (UCCJEA) because the subject child's home state was California, unanimously affirmed, without costs.
The child was born in California in June 2021 and lived with respondent mother in California until early June 2022, when the child arrived in New York to live with petitioner father for an agreed-upon period of one year. The father commenced this proceeding in October 2022 and, based on his misrepresentation that the mother might immediately abscond with the child, the court issued an order temporarily awarding him custody and enjoining the mother from removing the child from this State.
Family Court properly determined that California was the child's home state for the purposes of determining jurisdiction under the UCCJEA set forth in article 5-a of the Domestic Relations Law. In determining the child's home state, the court properly treated the child's visit to New York from October 31, 2021 to mid-January 2022 as a "temporary absence" from California in calculating the period in which the child lived in that state (see Domestic Relations Law § 75-a[7] ["A period of temporary absence of any of the mentioned persons is part of the period"]). The mother testified that during that two-and-one-half month visit to New York, she intended to return to California with the child, as evidenced by, among other things, her renewal of her lease in California and her maintaining the child's enrollment in daycare there, and the father acknowledged the visit was intended to be a temporary vacation (see Matter of Felty v Felty, 66 AD3d 64, 70 [2d Dept 2009]). The father offers no basis to disturb the court's factfinding (see e.g. Bragdon v Bragdon, 23 AD3d 203, 204 [1st Dept 2005]). Accordingly, because the child had not lived in New York for six consecutive months before the petition was filed, and had lived in California with the mother for more than six consecutive months following her birth in that state, the court properly found that New York lacked UCCJEA jurisdiction over the father's petition and vacated the order temporarily restraining the mother from removing the child from New York (Domestic Relations Law § 76[1][a]).
Although Family Court need not have engaged in additional jurisdictional analyses after determining the child's home state, the father specifically requested consideration of other factors that might confer jurisdiction on New York, including whether there were more "significant connections" in New York. Those alternate analyses provided an explanation as to why the court correctly concluded that those factors were not relevant here (see e.g. Mark B. v Tameka D., 183 AD3d 1038, 1039 [3d Dept 2020]). We find no reason to strike the court's finding that the father engaged in misleading conduct [*2]by exaggerating his concern that the mother might deprive him of access to the child, which led the court to award him temporary custody until the hearing was completed, thereby preventing the mother from returning with the child to California in June 2023, as the parties had agreed upon.
We have considered the father's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2025