■ 360 WEST 11TH LLC et al., Appellants, v ACG CREDIT COMPANY II, LLC, Respondent. (And Other Actions.) [935 NYS2d 289]—

This action arises out of a mortgage-secured loan from defendant, ACG Credit Company II, LLC, and third-party plaintiff, ACG Finance Company, LLC (collectively ACG), to plaintiffs. Plaintiffs' dispute with ACG stems from the latter's declaration of events of default under the underlying loan agreement. By the instant motion, plaintiffs sought leave to amend the complaint so as to add causes of action against ACG's former attorney and current attorneys under Judiciary Law § 487 and two other causes of action based upon Uniform Rules for Trial Courts (22 NYCRR) § 130-1.1. The targets of the proposed Judiciary Law claims are Daniel Bildner, Esq., Martin West, Esq., William Dahill, Esq. and the firm of Wollmuth, Maher & Deutsch, LLP (WMD).

Leave to amend pleadings is freely given absent prejudice or surprise (see CPLR 3025 [b]; *Cherebin v Empress Ambulance Serv., Inc.*, 43 AD3d 364, 365 [2007]). Nevertheless, a court must examine the merit of the proposed amendment in order to conserve judicial resources (see *Zaid Theatre Corp. v Sona Realty Co.*, 18 AD3d 352, 354-355 [2005]). Judiciary Law § 487 provides for the recovery of treble damages from a lawyer who is "guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party." Bildner was a shareholder of the law firm that previously represented ACG. The proposed amended complaint contains an allegation that Bildner gave false testimony with respect to services rendered by his firm in support of ACG's still pending counterclaim for attorneys' fees related to the administration and enforcement of the loan agreement. The proposed seventh cause of action sets forth an assertion that plaintiffs "now know these claims were false, as much of the attorney time in question was spent on matters wholly unrelated to plaintiffs' loans." Leave to amend was properly denied with respect to this claim because it boils down to nothing more than a fee dispute that can be resolved upon the disposition of ACG's counterclaim.

The proposed eighth cause of action contains an allegation that WMD, West and Dahill, who now represent ACG, withheld pertinent information from the court with the intent to deceive. The addition of this claim would be prejudicial because it is likely that WMD, West and Dahill would be called as witnesses if the claim is allowed to proceed. Subject to exceptions that do not apply here, "[a] lawyer shall not act as advocate before a tribunal in an matter in which the lawyer is likely to be a wit-

ness on a significant issue of fact" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7 [a]). Therefore, the addition of the proposed eighth cause of action would require the disqualification of counsel and prejudice ACG's right to be represented by attorneys of its choice (see *S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 443 [1987]). The motion was properly denied with respect to the proposed ninth and tenth causes of action because no independent cause of action for sanctions under section 130-1.1 exists (*Calabro & Assoc., P.C. v Katz*, 26 Misc 3d 137[A], 2010 NY Slip Op 50192[U] [App Term, 1st Dept 2010]). Concur—Renwick, J.P., DeGrasse, Abdus-Salaam and Román, JJ. **[Prior Case History: 2010 NY Slip Op 32123(U).]**