■ AQ Asset Management LLC, as Successor to Artist House Holdings Inc., et al., Respondents, v Michael Levine,

Respondent, and HABSBURG HOLDINGS LTD. et al., Appellants. KERRY GOTLIB, Nonparty Appellant. [13 NYS3d 1]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered February 5, 2014, which denied defendants Habsburg Holdings Ltd. and Osvaldo Patrizzi's motion for partial summary judgment on their eighth counterclaim and for preclusion of plaintiffs' defenses thereto, unanimously affirmed, with costs. Order, same court and Justice, entered May 1, 2014, which sua sponte sanctioned defendants Hapsburg Holdings Ltd. and Osvaldo Patrizzi for bringing the motion for partial summary judgment, unanimously affirmed, without costs. Order, same court and Justice, entered June 24, 2014, which denied said defendants' motion to renew defendant Michael Levine's motion to dismiss their legal malpractice cross claims, to find plaintiffs in contempt of court, for sanctions against attorneys Levine and plaintiff Zimmerman for their conduct in a nonparty deposition, and for an anti-suit injunction barring Levine and Zimmerman from the Swiss litigation, unanimously affirmed, without costs. Order, same court and Justice, entered November 13, 2014, which, to the extent appealed from as limited by the briefs, denied defendants Hapsburg Holdings Ltd. and Osvaldo Patrizzi's motion to amend their answer to include a counterclaim for a constructive trust against plaintiffs Antiquorum S.A. and Zimmerman, unanimously reversed, on the law, without costs, and the motion granted. Order, same court and Justice, entered April 28, 2014, which sua sponte imposed a $5,000 sanction on defense counsel nonparty appellant Kerry Gotlib for improperly filing documents under seal, unanimously affirmed, without costs. Order, same court and Justice, entered May 23, 2014, which, inter alia, denied defendants Hapsburg Holdings Ltd. and Osvaldo Patrizzi's motion for recusal, unanimously affirmed, without costs.

Defendants Hapsburg Holdings Ltd. and Patrizzi's (defendants) motion for partial summary judgment depended on defendants' ability to establish precisely the inventory that had been on hand before the parties entered into the stock purchase agreement (SPA). Defendants offered only an unsworn email list, which none of their affiants authenticated or stated was accurate, and which was therefore inadmissable hearsay (see *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Nor did plaintiffs' references to the document in opposition to various motions constitute an admission of its accuracy. The claims for a constructive trust and money had and received were

barred by the SPA, an express contract covering the same subject matter (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]). Further, the motion was filed before plaintiffs' response to the amended answer and counterclaims and thus was untimely (*City of Rochester v Chiarella*, 65 NY2d 92, 101 [1985]).

Given the absence of any admissible evidence to support the motion, the motion court properly sanctioned defendants for bringing a frivolous motion.

The court properly refused to preclude plaintiffs from defending against the eighth counterclaim for failure to produce certain inventory records. The court was managing discovery closely, and plaintiffs were making a rolling production at the time of the motion to preclude (*see generally Auerbach v Klein*, 30 AD3d 451, 452 [2d Dept 2006]).

The court correctly denied renewal of Levine's motion to dismiss the legal malpractice claims. Levine's newly discovered acts were taken in his role as escrow agent; he clearly was not defendants' attorney at the time. Further, defendants had already suffered injury with regard to the funds at issue, when Levine transferred them from the escrow account for defendants to the escrow account he held for the third party. The subsequent disbursement of the funds from the third-party's escrow account did not cause any additional injury to defendants and thus cannot extend the time for bringing their malpractice claim.

The court correctly declined to hold plaintiffs in contempt of an order of this Court for not "segregating" proceeds from inventory sales. Our order required plaintiffs and Levine to freeze the $2 million in proceeds from inventory sales believed held by Levine at that time. It did not bar subsequent sales of inventory, nor did it purport to identify which inventory items were subject to the escrow (*see Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y.*, 70 NY2d 233, 240 [1987]).

The court properly declined to sanction Zimmerman and Levine in connection with the Bonnano deposition. Defendants did not show the use or disclosure there of any confidential or privileged documents. Moreover, counsel was entitled to use even privileged information in defense of claims asserted against them by their former clients, defendants (*see Orco Bank v Proteinas Del Pacifico*, 179 AD2d 390 [1st Dept 1992]). Nor did defendants establish that the Swiss litigation was brought in bad faith or as a fraud, or otherwise satisfy the strict standard for an anti-suit injunction (*see Sebastian Holdings, Inc. v Deutsche Bank AG.*, 78 AD3d 446 [1st Dept 2010]).

This Court having reinstated the counterclaim seeking imposition of a constructive trust against Antiquorum S.A. and Zimmerman (119 AD3d 457 [1st Dept 2014]), defendants' motion to amend the answer to include the counterclaim at this stage of the litigation should have been granted.

The court correctly imposed sanctions on nonparty appellant defense counsel Gotlib, as he admitted violating the rules for the electronic filing of material under seal.

Defendants cite no statutory basis for recusal of the motion court, and their sole basis for alleging "bias" is inadequate, i.e. the court's adjudicatory actions (see People v Moreno, 70 NY2d 403 [1987]). Concur—Andrias, J.P., Moskowitz, DeGrasse, Gische and Kapnick, JJ.