North Flatts LLC v Belkin Burden Goldman, LLP (2023 NY Slip Op 02954)

 North Flatts LLC v Belkin Burden Goldman, LLP

2023 NY Slip Op 02954

Decided on June 01, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 01, 2023

Before: Kapnick, J.P., Oing, Gesmer, Singh, Shulman, JJ. 

Index No. 150420/22 Appeal No. 357 Case No. 2023-00342 

[*1]The North Flatts LLC, Plaintiff-Respondent,
v
Belkin Burden Goldman, LLP, Defendant-Appellant.

Belkin Burden Goldman, LLP, New York (Jeffrey L. Goldman of counsel), for appellant.
Law Office of Daniel L. Abrams, PLLC, New York (Daniel L. Abrams of counsel), for respondent.

Order, Supreme Court, New York County (Richard G. Latin, J.), entered on or about September 1, 2022, which denied defendant's motion for summary judgment dismissing plaintiff's claim for legal malpractice without prejudice to renew upon the completion of discovery, and for summary judgment on its counterclaims for legal fees and sanctions, unanimously affirmed, without costs.
In this legal malpractice action, plaintiff alleges that defendant, in connection with its representation of plaintiff in the legalization of an interim multiple building for residential use, negligently failed to seek a time extension to achieve compliance with the safety and fire protection standards of article 7-B of the Multiple Dwelling Law, thereby prohibiting plaintiff from legally collecting rent from its tenants pending its receipt of a final residential certificate of occupancy (see Multiple Dwelling Law art 7-C). Defendant did not satisfy its prima facie burden of establishing its entitlement to summary judgment dismissing the complaint as a matter of law, as defendant failed to submit an expert opinion demonstrating that it did not perform below the ordinary reasonable skill and care possessed by an average member of the legal community (see Suppiah v Kalish, 76 AD3d 829, 832 [1st Dept 2010]). Defendant contends that it had timely filed an article 7-B compliance form on plaintiff's behalf in reliance on the certification of plaintiff's architect, and that the filing of that form prohibited it from seeking a time extension to achieve article 7-B compliance. However, it has not submitted an expert affidavit establishing that its reliance on the architect's opinion was reasonable under the circumstances, or explaining how defendant was prohibited from withdrawing the filed form and seeking a time extension to comply with article 7-B. Moreover, absent an expert affidavit, defendant failed to establish prima facie that its alleged negligence in its the handling of the article 7-B compliance form was not a proximate cause of plaintiff's losses (see id.).
In any event, the court properly denied the prediscovery motion as premature, given plaintiff's showing that facts essential to justify opposition to defendant's motion may lie within defendant's exclusive knowledge or control (see CPLR 3212[f]; Lyons v New York City Economic Dev. Corp., 182 AD3d 499, 499-500 [1st Dept 2020]). In response to defendant's claim that it was not aware of potential issues with the architect's certification of compliance until the August 2021 conference, after the May 2021 deadline to apply for an extension had expired, plaintiff pointed out that its tenants had disputed the architect's compliance opinion as early as January 2021. Discovery is necessary to shed light on when defendant knew of a potential problem with the filed article 7-B compliance form, and whether defendant could have timely withdrawn that form and sought a timely extension to achieve compliance.
Defendant was not entitled [*2]to summary judgment on its first and second counterclaims to recover legal fees because plaintiff's malpractice cause of action is "intertwined" with those claims (see Emery Celli Brinckerhoff & Abady, LLP v Rose, 111 AD3d 453, 454 [1st Dept 2013], lv denied 23 NY3d 904 [2014]; Tabner v Drake, 9 AD3d 606, 611 [3d Dept 2004]). As to the third and fourth counterclaims, New York does not recognize independent causes of action for sanctions under 22 NYCRR 130-1.1 or CPLR 8303-a (see 360 W. 11th LLC v ACG Credit Co. II, LLC, 90 AD3d 552, 554 [1st Dept 2011]; Cerciello v Admiral Ins. Brokerage Corp., 90 AD3d 967, 968 [2d Dept 2011]). In any event, the record before us does not support a finding that plaintiff's action was frivolous, brought in bad faith, or undertaken to harass or maliciously injure defendant (see 22 NYCRR 130-1.1; CPLR 8303-a).
We have considered defendant's remaining arguments and find them unavailing THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 1, 2023