## Bull Hill, LLC v HFZ Member RB Portfolio LLC

2024 NY Slip Op 33275(U)

September 16, 2024

Supreme Court, New York County

Docket Number: Index No. 654561/2022

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

-----------------------------------------------------------------------------------X

BULL HILL, LLC, HARDY LANE INVESTMENT FUND, LLC, HARDY LANE FOUNDATION, INC.,

                                 Plaintiffs,

                            - v -

HFZ MEMBER RB PORTFOLIO LLC, HFZ MEMBER RB ACQUISITIONS LLC, HFZ RB PORTFOLIO MANAGER, LLC, HFZ RB ACQUISITIONS MANAGER, LLC, HFZ CAPITAL GROUP, LLC, MONROE CAPITAL LLC, ZIEL FELDMAN, HELENE FELDMAN, NIR MEIR,

                                 Defendants.

-----------------------------------------------------------------------------------X

| | | |
|---|---|---|
| **INDEX NO.** | | 654561/2022 |
| **MOTION DATE** | | 04/01/2024 |
| **MOTION SEQ. NO.** | | 006 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 006) 128, 129, 132, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156

were read on this motion to          DISMISS COUNTERCLAIMS         .

       Plaintiffs Bull Hill, LLC, Hardy Lane Investment Fund, LLC, and Hardy Lane

Foundation (collectively "Plaintiffs") move to dismiss Counterclaims asserted by Monroe

Capital LLC ("Monroe") against Plaintiffs: (1) attorneys' fees under the LLC Agreements; (2)

attorneys' fees under the Industrial Loan Agreement; and (3) Attorneys' Fees Under 22 NYCRR

130-1.1 (NYSCEF 117).  For the following reasons, Plaintiffs' motion to dismiss those

Counterclaims is granted.

       On a motion to dismiss a counterclaim pursuant to CPLR 3211(a)(7), a court "must

accept as true the facts as alleged" in the counterclaim, accord the defendant "the benefit of

every possible favorable inference and determine only whether the facts as alleged fit within any

cognizable legal theory" (*Twitchell Tech. Products, LLC v Mechoshade Sys., LLC*, 227 AD3d 45,

51 [2d Dept 2024]).

**654561/2022   BULL HILL, LLC ET AL vs. HFZ MEMBER RB PORTFOLIO LLC ET AL**
**Motion No.  006**

**Page 1 of 4**

1 of 4

*First*, the fee shifting provisions in the LLC Agreements apply only to "disputes arising *as a result of* or *by reason of*" the LLC Agreements.[1] None of Plaintiffs' claims against Monroe are contractual claims under the LLC Agreements. Instead, those claims assert breach of the implied covenant of good faith and fair dealing under the Industrial Loan Agreement, aiding and abetting HFZ's breach of fiduciary duty, constructive trust, and an accounting (against all defendants) (*see* NYSCEF 113). While the LLC Agreements may be generally relevant to those claims insofar as they define certain relationships among the parties, the fact remains that no claims are brought against Monroe under the LLC Agreements, and thus the fee-shifting provisions contained in those agreements do not apply.[2]

*Second*, the indemnity provision of Industrial Loan Agreement upon which Monroe relies obligates the "Borrower" to indemnify Monroe. Borrower is defined to include the Nominal

---

[1] The relevant provisions provide: "**Attorneys' Fees**. In the event of any litigation, arbitration or other dispute arising as a result of or by reason of this Agreement, the prevailing party in any such litigation, arbitration or other dispute shall be entitled to, in addition to any other damages assessed, its reasonable attorneys' fees and disbursements, and all other costs and expenses incurred in connection with settling or resolving such dispute. The attorneys' fees and disbursements which the prevailing party is entitled to recover shall include fees for prosecuting or defending any appeal and shall be awarded for any supplemental proceedings until the final judgment is satisfied in full. In addition to the foregoing award of attorneys' fees and disbursements to the prevailing party, the prevailing party in any lawsuit or arbitration procedure on this Agreement shall be entitled to its reasonable attorneys' fees and disbursements incurred in any post judgment proceedings to collect or enforce the judgment. This Section 15.16 is separate and shall survive the merger of this Agreement into any judgment" (NYSCEF 3 and 4, § 15.16).

[2] Monroe's argument that it nevertheless should be entitled to attorney's fees because the LLC Agreements award attorneys' fees to the "prevailing party" in "any litigation" arising as a result of or by reason of the LLC Agreements (NYSCEF 3 and 4, § 15.16) is unavailing. Monroe denies being a party to the LLC Agreements, which expressly disclaim third-party beneficiaries (*see* NYSCEF 3, 4 § 15.12). In any event, because the fee shifting provisions do not apply to the claims here, the Court need not determine on this motion whether or not Monroe is a "member" of the LLCs (which Plaintiffs assert) or the effect of Monroe's denial that it is a member in its Answer.

**654561/2022  BULL HILL, LLC ET AL vs. HFZ MEMBER RB PORTFOLIO LLC ET AL**                    **Page 2 of 4**
**Motion No.  006**

2 of 4

Defendants (HFZ Reich Portfolio and HFZ Reich Acquisitions).[3]  Although Plaintiffs are bringing their claims derivatively *on behalf of* the Borrower, Plaintiffs themselves are not the Borrower.

"A claim and counterclaim must be by and against the same party in the same capacity" (*Michelman-Cancelliere Iron Works, Inc. v Kiska Const. Corp.-USA*, 18 AD3d 722, 723 [2d Dept 2005] [barring direct claims against plaintiff]; *Choi v Cho*, 2014 NY Slip Op 33920[U], 8 [Sup Ct, Nassau County 2014] [dismissing direct counterclaim "because Plaintiff has sued in his derivative capacity and, therefore, may not be sued in his individual capacity"]). Here, Plaintiffs have only asserted derivative claims.  Therefore, this counterclaim could only be brought against the Borrowers/Nominal Defendants.  Plaintiffs themselves are not in contractual privity with Monroe, and thus are not subject to indemnification obligations arising under the Industrial Loan Agreement (*Harriet Tubman Gardens Apt. Corp. v H.T. Dev. Corp.*, 224 AD3d 446, 447 [1st Dept 2024] [finding that the contract-based indemnity claims failed because the parties were not in contractual privity; the theory of contractual indemnify based on both being parties to "interrelated agreements" was unavailing]).

*Finally*, New York does not recognize an independent cause of action to recover attorney's fees under NYCRR 130-1.1 for frivolous litigation conduct (*360 W. 11th LLC v ACG Credit Co. II, LLC*, 90 AD3d 552, 554 [1st Dept 2011] ["no independent cause of action for

---

[3] The relevant provision provides: "Borrower covenants and agrees to pay or, if Borrower fails to pay, to reimburse, Administrative Agent upon receipt of written notice from Administrative Agent for all costs and expenses (including reasonable attorneys' fees and disbursements) incurred by Administrative Agent in connection with . . . . enforcing or preserving any rights either in response to third party claims or in prosecuting or defending any action or proceeding or other litigation, in each case against, under or affecting Borrower, Pledgor, this Agreement, the other Loan Documents, the Property, the Pledged Collateral, or any other security given for the Loan" (NYSCEF 36 § 10.13).

**654561/2022   BULL HILL, LLC ET AL vs. HFZ MEMBER RB PORTFOLIO LLC ET AL**                    **Page 3 of 4**
**Motion No.  006**

3 of 4

sanctions under section 130-1.1 exists"]; *The N. Flatts LLC v Belkin Burden Goldman, LLP*, 217 AD3d 427, 428 [1st Dept 2023] ["New York does not recognize independent causes of action for sanctions under 22 NYCRR 130-1.1"]).

The Court denies Plaintiffs' request for sanctions against Monroe.

Accordingly, it is

**ORDERED** that Plaintiffs' motion to dismiss Monroe's Counterclaims is **GRANTED**.

This constitutes the decision and order of the Court.

20240916174341JMCOHEN2511FEAB4B634204A17D467F3564EE33

| | |
|---|---|
| **9/16/2024** | |
| **DATE** | **JOEL M. COHEN, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**654561/2022  BULL HILL, LLC ET AL vs. HFZ MEMBER RB PORTFOLIO LLC ET AL**
**Motion No.  006**

Page 4 of 4

4 of 4