**Bolouvi v Brown Bros. Harriman & Co.**

2024 NY Slip Op 33291(U)

September 19, 2024

Supreme Court, New York County

Docket Number: Index No. 151103/2023

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. MARY V. ROSADO                          PART            33M

_Justice_

-------------------------------------------------------------------X

KOFFI BOLOUVI,

                                          Plaintiff,

                          - v -

BROWN BROTHERS HARRIMAN & CO., 140 BROADWAY,
LLC,JLL MANAGEMENT CORP., HARVARD PROTECTION
SERVICES, SCHINDLER ELEVATOR CORPORATION

                                          Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151103/2023 |
| MOTION DATE | 07/10/2023 |
| MOTION SEQ. NO. | 003 |

**AMENDED DECISION + ORDER
ON MOTION[1]**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 229, 234, 235, 268

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

Upon the foregoing documents, and after oral argument which occurred on October 31, 2023 with Michael Simon, Esq. appearing for Plaintiff Koffi Bolouvi ("Plaintiff"), David S. Gronsman, Esq. appearing for Defendant Harvard Protection Services ("HPS") and Michael J. Pearsall, Esq. appearing for Defendants Brown Brothers Harriman & Co. ("Brown Brothers"), 140 Broadway, LLC ("140 BW") and JLL Management Corp. ("JLL"), Brown Brothers' motion for an Order granting summary judgment in favor of Brown Brothers dismissing Plaintiff's Complaint (NYSCEF Doc. 82) and all cross claims asserted against it, is granted.

## I.    Background

This action stems from injuries allegedly sustained by Plaintiff on October 6, 2022, when an elevator car that he was riding – elevator #12 - at 140 Broadway, New York, NY (the "Building") allegedly dropped (NYSCEF Doc. 82 at ¶ 9). On February 3, 2023 Plaintiff

---

[1] This Decision and Order specifically amends and supersedes the Decision and Order of this Court dated May 17, 2024 (NYSCEF Doc. 229) to correct certain typographical errors in the decretal paragraphs.

**151103/2023  BOLOUVI, KOFFI vs. BROWN BROTHERS HARRIMAN & CO. ET AL          Page 1 of 5
Motion No.  003**

commenced this action against the owner of the Building, 140 BW[2], the building's management company, JLL[3], the Building's security firm, HPS, the company holding the contract for the maintenance of the elevators at the Building, Schindler Elevator Corporation ("Schindler"), and a tenant of the Building, Brown Brothers (NYSCEF Doc. 82).

On July 10, 2023 Brown Brothers brought the instant motion for an Order granting summary judgment in favor of Brown Brothers dismissing all claims and cross-claims asserted against them on the ground that Brown Brothers "has no ownership interest in the building and does not control, operate, or maintain any parts of the building except those portions it leases" (NYSCEF Doc. 81 at ¶¶ 5-7). In opposition, Plaintiff contends that Movants' summary judgment motion must be dismissed as premature, as discovery in this matter remains outstanding (NYSCEF Doc. 88 at ¶ 4).

## II.    Discussion

Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (Vega v Restani Const. Corp., 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (Jacobsen v New York City Health and Hosps. Corp., 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial. (See e.g., Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Pemberton v New York City Tr. Auth., 304 AD2d 340, 342 [1st Dept 2003]). Mere conclusions

---

[2] Defendant 140 BW, LLC is sued herein as 140 Broadway LLC (NYSCEF Doc. 81 at ¶ 3).
[3] Defendant Jones Lang LaSalle Americas, Inc is incorrectly sued herein as JLL Management Corp. (NYSCEF Doc. 81 at ¶ 3).

**151103/2023   BOLOUVI, KOFFI vs. BROWN BROTHERS HARRIMAN & CO. ET AL**                    **Page 2 of 5**
**Motion No.  003**

[* 2]

of law or fact are insufficient to defeat a motion for summary judgment (see Banco Popular North Am. v Victory Taxi Mgt., Inc., 1 NY3d 381 [2004]).

It is well established that "[a] grant of summary judgment cannot be avoided by a claimed need for discovery unless some evidentiary basis is offered to suggest that discovery may lead to relevant evidence" (*Bailey v New York City Transit Auth.* 270 AD2d 156, 157 [1st Dept 200]). Further, "[t]he mere hope that additional discovery may lead to sufficient evidence to defeat a summary judgment motion is insufficient to deny such a motion" (*Singh v New York City Hous. Auth.*, 177 AD3d 475, 476 [1st Dept 2019]). Moreover, the First Department has held that even where no depositions have been taken, summary judgment is not precluded where the opposing party fails to show that discovery might lead to facts that would support their opposition to the motion (*Blacio v Related Constr. LLC*, Lexis 2034 [1st Dept 2024]).

In support of their motion for summary judgment, Brown Brothers provides the elevator service agreement between Defendant JLL, as agent for 140 BW, and Defendant Schindler, showing that at the time of Plaintiff's accident Schindler was responsible for maintenance and inspection services of the Building's elevators (NYSCEF Doc. 87 at Part B §M). Additionally, Brown Brothers provides an Affidavit of Michael James Dow, the Senior Vice President of Brown Brothers, which asserts, *inter alia*, that at no point has Brown Brothers had any ownership interest in the Building, and has never owned, "controlled, operated, maintained, repaired, manages, or leases elevator #12 in the Building" (NYSCEF Doc. 86 at ¶¶6-8). In light of the foregoing, the Court finds that Movants have satisfied their *prima facie* burden of establishing entitlement to judgment, and the burden shifts to Plaintiff to provide evidence, in admissible form, establishing an issue of fact requiring a trial.

**151103/2023 BOLOUVI, KOFFI vs. BROWN BROTHERS HARRIMAN & CO. ET AL**
**Motion No. 003**

**Page 3 of 5**

In opposition, Plaintiff contends that he has not had a reasonable opportunity to procure necessary discovery, namely a deposition to corroborate the responsibilities and duties of Brown Brothers (NYSCEF Doc. 88 at ¶ 5). In support of this contention, Plaintiff provides an email (the "Mannarino Email") from its investigator, Zachary A. Mannarino ("Mannarino") in which Mannarino states that he found Brown Brothers to be an owner of the Building (NYSCEF Doc. 93).

The First Department has held that unsworn emails that are not authenticated by affirmation constitute inadmissible hearsay (*AQ Asset Mgt. LLC v Levine*, 128 AD3d 620, 621 [1st Dept 2015]). Moreover, the affirmation of an attorney who lacks personal knowledge is without evidentiary value and is insufficient to oppose a motion for summary judgment (*Zuckerman v New York*, 49 NY2d 557, 563 [1st Dept 1980]). Here, Plaintiff has failed to provide an affidavit authenticating the Mannarino Email, and the only other document submitted in opposition is the affirmation of Plaintiff's counsel (NYSCEF Doc. 88). As such, Plaintiff has failed to meet its burden of presenting evidence in admissible form sufficient to establish an issue of material fact requiring a trial.

*[The remainder of this page is intentionally left blank.]*

151103/2023   BOLOUVI, KOFFI vs. BROWN BROTHERS HARRIMAN & CO. ET AL
Motion No. 003

Page 4 of 5

4 of 5

Accordingly, it is hereby,

ORDERED that Defendants Brown Brothers Harriman & Co. motion for summary judgment dismissing Plaintiff's Complaint and all cross claims as asserted against Brown Brothers is granted; and it is further

ORDERED that within ten days of entry, counsel for Defendants Brown Brothers shall serve a copy of this Decision and Order, with notice of entry, on all parties to this case.

This constitutes the Amended Decision and Order of the Court.

| 9/19/2024 | | *M..y V R..t* JSC |
|-----------|--|-------------------|
| **DATE** | | **HON. MARY V. ROSADO, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|---|-----------------------|---|
| | x | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**151103/2023   BOLOUVI, KOFFI vs. BROWN BROTHERS HARRIMAN & CO. ET AL**
**Motion No. 003**

Page 5 of 5

5 of 5