## North Flats LLC v Belkin Burden Goldman, LLP

2025 NY Slip Op 31640(U)

May 6, 2025

Supreme Court, New York County

Docket Number: Index No. 150420/2022

Judge: Richard G. Latin

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. RICHARD G. LATIN                   PART               46M

_Justice_

------------------------------------------------------------------------------X

THE NORTH FLATS LLC

                              Plaintiff,

                           - v -

BELKIN BURDEN GOLDMAN, LLP,

                             Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150420/2022 |
| MOTION DATE | 06/24/2024 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136

were read on this motion for                           JUDGMENT - SUMMARY          .

Plaintiff, The North Flats LLC, was the owner, landlord and developer of a property that was formally a church, located at 163 North Sixth Street, Brooklyn, New York (the building). Defendant, law firm, Belkin Burden Goldman, LLP, represented plaintiff in connection with the coverage of plaintiff's building as an interim multiple dwelling (IMD),[1] pursuant to Multiple Dwelling Law (MDL) § 281(6).[2]

Plaintiff commenced this legal malpractice action against defendant, seeking to recover $3,000,000.00 in damages for defendant's alleged negligence during its representation of plaintiff in connection with the coverage of plaintiff's building as an IMD. Specifically, plaintiff alleges defendant deviated from the accepted standard of care by relying on plaintiff's architect's sworn

---

[1] An IMD is a building having been previously used for commercial or manufacturing purposes that was converted to residential use without a Certificate of Occupancy [COO].

[2] MDL § 281(6) is part of the Loft Law, an area of law designed to bring traditionally non-residential buildings with residential tenants into compliance with state and city building codes relating to health, safety and fire protection (MDL §§ 280-287 or Article 7-C of the MDL [Art 7-C]).

**150420/2022   THE NORTH FLATS LLC vs. BELKIN BURDEN GOLDMAN, LLP**          **Page 1 of 9**
  **Motion No.  004**

1 of 9

certification of compliance with the fire and safety standards of MDL § 277 (Article 7-B [Art 7-B]) with the Loft Board, and in so doing, failed to apply for an extension of the legalization deadlines associated with Art 7-B compliance, thereby prohibiting plaintiff from legally collecting rent from its tenants pursuant to MDL §§ 284 and 285(1),[3] pending its receipt of a final residential COO (NYSCEF No. 89, [Complaint]).

In response, defendant filed its verified answer with four counterclaims, seeking legal fees and sanctions, including, a money judgment in the amount of $83,209.33 for unpaid legal services, plus interest (NYSCEF No. 90, [Answer]). Defendant then brought a pre-discovery motion for summary judgment (motion sequence 001 [MS1]),[4] in which it argued plaintiff's complaint should be dismissed. This court denied the motion by the Decision and Order dated, August 23, 2022, as premature. However, as the motion was also denied without prejudice, defendant was granted leave to, "refile upon the completion of discovery and with an explanation as to whether defendant could have made an application to withdraw plaintiff's architect's certified opinion on Article 7-B compliance and then seek an extension if [defendant] knew, or should have known, that there were legitimate reasons to doubt actual compliance" (*North Flats LLC v Belkin Burden Goldman, LLP*, 2022 N.Y. Misc. LEXIS 37469 *1 [Sup Ct, NY County Aug. 23, 2022, No. 150420/2022] [NYSCEF No. 92]).

The First Department affirmed that decision on appeal, holding, as relevant here, that defendant's failure "to submit an expert opinion demonstrating that defendant did not perform below the ordinary reasonable skill and care possessed by an average member of the legal

---

[3] Generally, an occupant who resides in a building without a residential COO is not obligated to pay rent, nor can an owner sue for rent (MDL §§ 301 and 302). However, the Loft Law offers an exception to this rule and creates the possibility for an owner of an IMD to collect rent, provided the owner can establish its compliance with the Loft Law's legalization deadlines (*see* MDL §§ 284 and 285(1)).

[4] Defendant incorporates by reference the motion papers and all exhibits of MS1.

**150420/2022   THE NORTH FLATS LLC vs. BELKIN BURDEN GOLDMAN, LLP**
**Motion No.  004**

**Page 2 of 9**

[* 2]

community" was fatal to defendant's motion (*North Flatts LLC v Belkin Burden Goldman, LLP*, 217 AD3d 427, 428 [1st Dept 2023] [Remittal Order]).

Now that discovery is complete, defendant renews its application, moving pursuant to CPLR 3212, for summary judgment to dismiss plaintiff's claim for legal malpractice, and for summary judgment on its counterclaims for legal fees and sanctions (NYSCEF No. 84, motion sequence 004 [MS4]). Plaintiff opposes the motion. The motion is decided as follows.

## DISCUSSION

On a motion for summary judgment pursuant to CPLR 3212, "the movant must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Madeline D'Anthony Enters., Inc. v Sokolowsky*, 101 AD3d 606, 607 [1st Dept 2012] [internal quotation marks and citation omitted]). Upon a movant's successful demonstration of its prima facie burden, the burden then shifts to the plaintiff to submit competent proof raising a triable issue of fact (*Bazdaric v Almah Partners LLC*, 41 NY3d 310, 316 [2024]; *Maritza P. v Devereux Foundation*, 149 AD3d 554, 554 [1st Dept 2017]). Where the moving party fails to establish its prima facie burden, the motion must be denied without regard to the sufficiency of the opposing papers (*see Voss v Netherlands Ins. Co.*, 22 NY3d 728, 734 [2014]).

Moreover, a cause of action for professional malpractice against an attorney requires the plaintiff to establish the negligence of the attorney, which is the proximate cause of the loss sustained, and proof of actual damages (*Cabrera v Collazo*, 115 AD3d 147, 148 [1st Dept 2014] [internal citations omitted]). "A plaintiff's burden of proof in a legal malpractice action is a heavy one. The plaintiff must first prove the hypothetical outcome of the underlying litigation

**150420/2022   THE NORTH FLATS LLC vs. BELKIN BURDEN GOLDMAN, LLP**
**Motion No.  004**

**Page 3 of 9**

3 of 9

[* 3]

and then, the attorney's liability for malpractice in connection with that litigation" (*Sabalza v Salgado,* 85 AD3d 436, 437 [1st Dept 2011]) [internal citations omitted]).

Counsel as a defendant seeking dismissal of a legal malpractice claim, must demonstrate a plaintiff's inability to prove one of the essential elements of its claim (*Id.*). Therefore, a defendant can satisfy its prima facie entitlement to summary judgment by submitting an expert opinion demonstrating that any, or all three elements of the plaintiff's claim have not been met (*Suppiah v Kalish*, 76 AD3d 829, 832 [1st Dept 2010]).

However, in accordance with the Appellate Division's Remittal Order, here, the defendant may satisfy its initial burden by successfully demonstrating, through such an expert opinion, 1) that defendant exercised the requisite level of care, skill and diligence in representing the plaintiff; 2) that defendant's actions were not the proximate cause of plaintiff's loss; 3) that defendant's reliance on plaintiff's architect's opinion was reasonable under the circumstances; and 4) an explanation as to why defendant was prohibited from withdrawing the previously filed Art 7-B certification and seeking a time extension to then comply with Art 7-B.

In support of its position and in compliance with the First Department's directive, defendant submits the expert opinion of Lanny R. Alexander, Esq., (Alexander) an attorney with over thirty years of experience, and a former Executive Director/General Counsel for the Loft Board (NYSCEF No. 87, [Alexander Affidavit]). Alexander asserts that defendant did not commit malpractice for several reasons. Of particular relevance, Alexander concludes that it was reasonable for defendant to rely on the architect's Art 7-B certification. Alexander states it is often necessary for lawyers to rely on the expertise of professional architects.

Further, Alexander states that defendant was only made aware of the tenants' answers, filed in plenary actions, seeking unpaid rent on plaintiff's behalf, on May 17 after the close of business.

**150420/2022   THE NORTH FLATS LLC vs. BELKIN BURDEN GOLDMAN, LLP**
**Motion No.  004**

**Page 4 of 9**

[* 4]

4 of 9

Therefore, the deadline to file an extension had passed. While these answers contained an affirmative defense alleging plaintiff was not in compliance with Art 7-B, the pleading was devoid of any factual support. Therefore, even if defendant had received these answers prior to the deadline, the pleading would not have been sufficient to cause the defendant to doubt the validity of the 7-B certification, as bare legal conclusions are insufficient to raise an affirmative defense. As such, Alexander states that defendant had no reason to doubt the validity of the 7-B certification at any point prior to the deadline to file for an extension of the 7-B compliance deadline. Additionally, Alexander states a tenant's failure to pay rent is insufficient to cause an attorney under these circumstances to be concerned about the validity of a 7-B certification, as a loft tenant's nonpayment of rent is commonplace and "wholly unremarkable" (*Id*. at ¶ 31).

Alexander explains that withdrawal of the 7-B certification was not an option, as it would have also required the withdrawal of all plenary actions filed in Supreme Court, the potential involvement of The New York City Department of Buildings (DOB) and a due process hearing.[5] While defendant could have conceivably filed both the 7-B certification and an application seeking an extension of the same, Alexander states that the extension application would have been denied as moot. This is because the application would have sought an extension of the Art 7-B deadline that was sworn to have already been complied with by plaintiff and plaintiff's own expert architect.[6] As such, Alexander concludes that at all relevant times, defendant exercised the ordinary and reasonable skill and knowledge commonly possessed by a member of the legal profession engaged in the specialty area of Loft Law (*Id*.).

---

[5] The complaints filed in the plenary actions were all filed in March 2021, and all pled that plaintiff had achieved Art 7-B compliance on November 24, 2020, making withdrawal of the 7-B certification contrary to plaintiff's pleading (NYSCEF No. 85 ¶ p 8, n 2).

[6] Plaintiff and Anthony Morali (Morali or architect) both admitted in their respective depositions that they stand by the submitted Art 7-B certification and unequivocally state in their testimony that Art 7-B compliance had been achieved (NYSCEF Nos. 95, pp 56 lines 17-24 and 57 line 2; 96, p 67 lines 10-14).

**150420/2022   THE NORTH FLATS LLC vs. BELKIN BURDEN GOLDMAN, LLP**                                    **Page 5 of 9**
**Motion No.  004**

[* 5]

Considering the foregoing, the Court finds that the defendant has satisfied its prima facie burden of establishing entitlement to judgment, and the burden shifts to plaintiff to provide evidence, in admissible form, establishing an issue of fact requiring a trial.

In opposition, plaintiff offers the expert opinion of Jason M. Frosh, Esq., (Frosh) an attorney with ten years of experience representing owners in Loft Law (NYSCEF No. 111, [Frosh Affidavit]). Frosh contends that defendant was on notice that the Art 7-B certification would be subject to challenge earlier than defendant alleges, allowing defendant time to file an extension. In support of this contention, Frosh provides a copy of the Capone tenant answer filed on May 12, 2021 (NYSCEF No. 114, [Capone Answer]), from one of the plenary actions, and an email between David Frazer (Frazer), Capone's attorney, and the defendant. The email is specifically marked in capital letters, "FOR SETTLEMENT ONLY", in which Frazer asks defendant to, "please provide proof [of] Art. 7-B compliance" (NYSCEF No. 116, [Frazer Email]).

Frosh asserts, because this answer contains a nearly identical affirmative defense to the other tenant answers alleging plaintiff's lack of Art 7-B compliance, it would have put defendant on notice and allowed defendant ample time to file an Art 7-B extension. Frosh's assertion is unavailing, as defendant's expert Alexander, previously addressed the context and circumstances of the affirmative defense, and that the lack of factual support and specificity of such an affirmative defense would not have caused any attorney to question the architect's 7-B certification. CPLR 3013 requires that "[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense."

Furthermore, unsworn emails that are not authenticated by an affidavit constitute inadmissible hearsay (*see AQ Asset Mgt. LLC v Levine*, 128 AD3d 620, 621 [1st Dept 2015]). As

**150420/2022   THE NORTH FLATS LLC vs. BELKIN BURDEN GOLDMAN, LLP**                                    **Page 6 of 9**
  **Motion No.  004**

6 of 9

plaintiff has failed to produce an affidavit authenticating the Frazer email, it will not be considered. While Frosh contends that defendant's actions were below the standard of care exercised by a reasonable attorney in similar circumstances, particularly within the Loft Law context, an attorneys' "selection of one among several reasonable courses of action does not constitute malpractice" (*Rosner v Paley*, 65 NY2d 736, 738 [1985]). Further, an attorney's error in judgment does not constitute legal malpractice (*see Hand v Silberman*, 15 AD3d 167, 167 [1st Dept 2005]). As plaintiff has failed to meet its burden of presenting evidence in admissible form sufficient to establish an issue of material fact requiring a trial, that part of defendant's motion that seeks summary judgment dismissing plaintiff's complaint is granted.

### *Defendant's Counterclaims*

Defendant seeks summary judgment on its first and second counterclaims for a money judgment in the amount of $83,209.33, plus interest, for legal services it rendered to plaintiff that remain outstanding and unpaid. In support, defendant submits the affirmation of Lewis Lindenberg, Esq. (Lindenberg), a partner of the defendant law firm, and a copy of the bills sent to plaintiff (NYSCEF Nos. 86, 105). As the defendant has satisfied its prima facie showing that its client received, retained without objection, and partially paid invoices without protest, defendant has established its entitlement to judgment as a matter of law (*see Emery Celli Brinckerhoff & Abady, LLP v Rose*, 111 AD3d 453, 453 [1st Dept 2013]).

As a preliminary matter, defendant's first and second counterclaims are no longer intertwined with plaintiff's malpractice cause of action, due to the dismissal of the complaint. Therefore, the court may now grant summary judgment on such counterclaims (*see* Remitter Decision at 428). Plaintiff has failed to raise any meaningful opposition to defendant's prima facie

**150420/2022   THE NORTH FLATS LLC vs. BELKIN BURDEN GOLDMAN, LLP**
**Motion No.  004**

**Page 7 of 9**

7 of 9

[* 7]

showing, as plaintiff has omitted the submission of an affidavit of someone with personal knowledge. Further, plaintiff acquiesces that it paid defendant more than $180,000.00 in billed fees for representation that was "focused on Loft Law legalization issues related to the underlying property" (NYSCEF No. 109, p 18 [Memo of Law in Opp]). As such, plaintiff has failed to raise a material issue of fact requiring a trial.

Defendant's third and fourth counterclaims seek sanctions and legal fees against plaintiff pursuant to 22 NYCRR 130-1.1 and CPLR 8303-a. However, New York does not recognize independent causes of action for sanctions under 22 NYCRR 130-1.1 or CPLR 8303-a (North Flatts LLC v Belkin Burden Goldman, LLP, 217 AD3d 427, 428 [1st Dept 2023]; *see also 360 West 11th LLC v ACG Credit Co. II, LLC*, 90 AD3d 552, 554 [1st Dept 2011]; *Cerciello v Admiral Ins. Brokerage Corp.*, 90 AD3d 967, 968 [2d Dept 2011]). Additionally, as the record here does not support a finding that plaintiff's action was frivolous, brought in bad faith, or undertaken to harass or maliciously injure defendant, the third and fourth counterclaims are hereby denied (*see* 22 NYCRR 130-1.1; CPLR 8303-a).

The court has considered the parties' additional arguments, even if not specifically addressed and finds them unpersuasive.

## CONCLUSION

Accordingly, it is

**ORDERED** that defendant's motion is granted in part and denied in part as follows: That part of defendant's motion for summary judgment dismissing the complaint is granted, and the complaint is dismissed. That part of defendant's motion for summary judgment on the first and

**150420/2022   THE NORTH FLATS LLC vs. BELKIN BURDEN GOLDMAN, LLP**
**Motion No. 004**

Page 8 of 9

8 of 9

second counterclaims is granted in the principal amount of $83,209.33, plus interest from the date of entry of this order, and the motion is otherwise denied; and it is further

**ORDERED** that defendant shall serve a copy of this order with notice of its entry on the plaintiff and on the office of the County Clerk, which shall enter judgment accordingly. This constitutes the decision and order of the court.

|  |  |
|---|---|
| **5/6/2025** | **RICHARD G. LATIN, J.S.C.** |
| **DATE** | |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | REFERENCE |

**150420/2022   THE NORTH FLATS LLC vs. BELKIN BURDEN GOLDMAN, LLP**
**Motion No.  004**

Page 9 of 9

9 of 9