North Flats LLC v Belkin Burden Goldman, LLP (2026 NY Slip Op 01165)

 North Flats LLC v Belkin Burden Goldman, LLP

2026 NY Slip Op 01165

Decided on March 03, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 03, 2026

Before: Webber, J.P., Shulman, Higgitt, Rosado, Hagler, JJ. 

Index No. 150420/22|Appeal No. 5988-5989|Case No. 2025-04360, 2025-04362|

[*1]The North Flats LLC, Plaintiff-Appellant,
vBelkin Burden Goldman, LLP, Defendant-Respondent.

Law Office of Daniel L. Abrams, PLLC, New York (Daniel L. Abrams of counsel), for appellant.
Belkin, Burden, Goldman, LLP, New York (Lewis A. Lindenberg of counsel), for respondent.

Judgment, Supreme Court, New York County (Richard G. Latin, J.), entered July 9, 2025, in defendant's favor in the amount of $108,658.62, including statutory interest and costs and disbursements, unanimously affirmed, without costs. Appeal from amended order, same court and Justice, entered on or about June 5, 2025, which, to the extent appealed, granted defendant's motion for summary judgment dismissing the complaint and on its counterclaims for account stated and quantum meruit, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The court properly dismissed plaintiff's claim for legal malpractice because defendant established prima facie entitlement to summary judgment by submitting the affirmation of an expert who opined that plaintiff did not have a claim for legal malpractice because its decision to rely on the sworn certification of plaintiff's architect was reasonable under the circumstances, that withdrawal of the Certification of Article 7-B Compliance was not feasible, and that an application to extend the deadline for compliance would have been futile (see Global Bus. Inst. v Rivkin Radler LLP, 101 AD3d 651, 651 [1st Dept 2012]; see also North Flats LLC v Belkin Burden Goldman, LLP, 217 AD3d 427, 427-428 [1st Dept 2023]). Plaintiff failed to raise an issue of fact because its expert's affidavit identified "no more than an error of judgment," which "does not rise to the level of malpractice" (Rosner v Paley, 65 NY2d 736, 738 [1985]). Further, plaintiff chose to waive the rent arrears from several tenants. This demonstrates "an intervening cause . . . responsible" for plaintiff's alleged injury (see Brooks v Lewin, 21 AD3d 731, 734 [1st Dept 2005], lv denied 6 NY3d 713 [2006]). To the extent that plaintiff claims damages "in the form of fees . . . incur[red] by substitute counsel, [plaintiff] would have incurred such fees whether [it] was represented by defendant[] or other counsel" (Cohen v Kachroo, 115 AD3d 512, 513 [1st Dept 2014]).
Summary judgment on defendant's counterclaims was properly granted, as defendant demonstrated that plaintiff "received, retained without objection, and partially paid invoices without protest" (Emery Celli Brinkerhoff & Abady, LLP v Rose, 111 AD3d 453, 453-454 [1st Dept 2013], lv denied 23 NY3d 904 [2014]; see also AmBase Corp. v Davis Polk & Wardwell, 8 NY3d 428, 437 [2007]).
We have considered plaintiff's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2026