Allen v Thompson
2026 NY Slip Op 02771
May 5, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Anu Allen, Plaintiff-Respondent,
v
Christopher Thompson, Esq., Defendant-Appellant.

Decided and Entered: May 05, 2026
Index No. 160342/20|Appeal No. 6531|Case No. 2025-07729|
Before: Manzanet-Daniels, J.P., Kapnick, Rodriguez, Pitt-Burke, O'Neill Levy, JJ.

Law Office of Christopher Thompson, West Islip (Christopher Thompson of counsel), for appellant.
Ballon Stoll P.C., New York (Tyler Fierro of counsel), for respondent.

[*1]
Order, Supreme Court, New York County (Sabrina Kraus, J.), entered May 15, 2025, which denied defendant's motion for summary judgment dismissing the complaint, unanimously modified, on the law, the motion granted to dismiss the cause of action for breach of contract insofar as that cause of action is premised on defendant's alleged agreement to have plaintiff's prior federal court action sealed, and otherwise affirmed, without costs.
Plaintiff brings this legal malpractice action against the attorney who represented her in connection with her termination from her employment at Chanel, Inc. and ultimately commenced a discrimination action on her behalf against her former employer in federal court. According to plaintiff, as a result of changes that defendant made to the separation agreement with her former employer, the employer ultimately countersued her for fraudulent misrepresentation in connection with the agreement and, among other things, forced her to repay her severance package with interest. Plaintiff further alleges that although defendant repeatedly assured her that the federal court suit would be sealed to protect her reputation, the suit is currently unsealed.
Defendant did not sustain his prima facie burden of establishing his entitlement to summary judgment dismissing the legal malpractice cause of action, as he failed to submit an expert opinion demonstrating that he "did not perform below the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession" (Darby & Darby v VSI Intl., 95 NY2d 308, 313 [2000]; see North Flats LLC v Belkin Burden Goldman, LLP, 217 AD3d 427, 427-428 [1st Dept 2023]). In addition, without an expert affidavit, defendant did not sustain his burden of showing as a matter of law that the claimed departure did not proximately cause the plaintiff to sustain damages (see North Flats LLC, 217 AD3d at 428; Casey v Exum, 219 AD3d 456, 457 [2d Dept 2023]).
Defendant's assertion that he is entitled to summary judgment because plaintiff did not serve an expert affidavit by the court-ordered deadline constitutes an effort to point out gaps in the plaintiff's proof. Gaps in plaintiff's proof, however, cannot serve as a basis to grant defendant's motion, on which he bears the burden as the moving party (see FaÇade Tech., LLC v CNY Constr. 701 LLC, 237 AD3d 469, 470 [1st Dept 2025]).
[*2]
In any event, the general requirement that a plaintiff produce an expert opinion in opposition to summary judgment "may be dispensed with where ordinary experience of the fact finder provides sufficient basis for judging the adequacy of the professional service" (Estate of Nevelson v Carro, Spanbock, Kaster & Cuiffo, 259 AD2d 282, 283 [1st Dept 1999] [internal quotation marks and citations omitted]). The record testimony revealed that defendant made a material change to the separation agreement and misrepresented to plaintiff that her former employer had agreed to the change even though he had not contacted the employer to discuss the change. Further, the evidence showed that defendant instructed plaintiff to sign an affidavit stating that she had made the change, falsely representing to plaintiff that the statement in the affidavit was a legal requirement imposed by the federal court. In light of this testimony, deciding whether defendant performed with ordinary and reasonable skill and knowledge would be "within the competence of the jury deciding the issue" (Kulak v Nationwide Mut. Ins. Co., 40 NY2d 140, 148 [1976]).
Contrary to defendant's assertions, he has not shown as a matter of law that he merely chose "one among several reasonable courses of action" (Rosner v Paley, 65 NY2d 736, 738 [1985]), that his material change to the separation agreement had some "reasonable strategic explanation" warranting application of the attorney judgment rule (Pillard v Goodman, 82 AD3d 541, 542 [1st Dept 2011]), or that the legal malpractice cause of action is based on plaintiff's mere "dissatisfaction with defendant['s] strategic choices and tactics" (Genet v Buzin, 159 AD3d 540, 540 [1st Dept 2018]).
In addition, defendant also failed to disprove that plaintiff "would not have incurred any damages but for defendant's negligence" (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]). On the contrary, the evidence demonstrates that plaintiff was found to have fraudulently executed the separation agreement as a result of defendant's actions. Moreover, the federal court eventually ordered plaintiff to refund her severance to the former employer with interest, and the former employer filed a satisfaction of judgment showing that she paid the money back. A fact finder could also determine based on the evidence that plaintiff struggled to find employment because the findings against her, directly resulting from defendant's actions, were publicly available, and that the impact of the findings was "actual and ascertainable" (Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 26 NY3d 40, 50 [2015]).
[*3]
As for the breach of contract claim, the existence of a contract for legal representation on a contingency basis is evident from the undisputed facts that defendant reviewed a separation agreement for plaintiff and represented her in the federal action for several years (see Alloy Advisory, LLC v 503 W. 33rd St. Assoc., Inc., 195 AD3d 436, 436-437 [1st Dept 2021]). Defendant also failed to carry his prima facie burden of showing that this cause of action is duplicative of the malpractice cause of action, as plaintiff testified that defendant specifically agreed to negotiate with her former employer over the proffered separation agreement and that he agreed to get the federal case sealed, but did not fulfill either of those promises (see Reidy v Martin, 77 AD3d 903, 903 [2d Dept 2010]; cf. Sage Realty Corp. v Proskauer Rose, 251 AD2d 35, 38-39 [1st Dept 1998]).
However, defendant cannot be liable for breach of contract for any damages arising from the unsealing of the federal case. The record demonstrates that the federal case was unsealed after a third party moved for this relief on First Amendment grounds and the federal court held that the interests of the public required access to the docket. Thus, the unsealing resulted from an intervening cause, not from any action by defendant (see Brooks v Lewin, 21 AD3d 731, 734 [1st Dept 2005], lv denied 6 NY3d 713 [2006]).
Furthermore, plaintiff is not entitled to attorney's fees, as she identifies no statute, agreement, or court rule authorizing an award of such fees in this action (seeFiduciary Ins. Co. of Am. v Medical Diagnostic Servs., P.C., 150 AD3d 498, 498 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 5, 2026